## J. D. CONWAY V. THE STATE.

### *No. 356.   Decided May 5.*

1.  **Witness—Impeachment of Credibility by Proof of Bad Character.**—The credibility of a witness can not be impeached by the introduction of original evidence to prove that he is of bad character, or that he is a confidence man and a thief.

2.  **Evidence to Sustain a Witness—When Inadmissible.**—Testimony in chief, of any kind, tending merely to support the credit of a witness, is inadmissible except in reply to some matter previously given in evidence by the opposite party to impeach his credit. Until his credibility has been attacked by evidence introduced by the opposite party, it is clearly incompetent to admit in evidence previous acts and statements made by a witness going to support or corroborate his testimony.

3.  **Evidence to Sustain a Coprincipal Who has Turned State's Witness Inadmissible, When.**—Where a coprincipal in the crime turns State's witness, it is error to permit the State to sustain the credit of said witness by proving similar statements made by him *after* promises made him of immunity from punishment, or after hope sprung into his mind to obtain moderate punishment by becoming a witness for the State. If, however, an attempt has been made to prove or show that said witness is testifying under improper motives or influences, then indeed the party whose witness he is may prove that he made similar statements *before* he could have been affected by such influences, motives, or inducements.

4.  **Burglary—Charge—Alibi.**—On a trial for burglary, where the evidence tends to show that the defendant was in a distant city at the time the burglary was committed, *Held*, the court should have instructed the jury upon the law of alibi.

5.  **Accomplice Testimony—Corroboration of—Special Instructions.**—On a trial for burglary, where a vast amount of evidence has been introduced to corroborate the testimony of a confessed accomplice, but not as to any fact connecting defendant with said crime, *Held*, error for the court to refuse to give in charge to the jury special requested instructions to the effect that corroboration with respect to these immaterial facts was not sufficient, and that to be corroborative the evidence from other witnesses must tend to connect defendant with the crime.

APPEAL from the District Court of Dallas. Tried below before Hon. CHAS. FRED TUCKER.

This appeal is from a conviction for burglary, the punishment assessed being imprisonment for six years in the penitentiary.

Appellant and Jack Brazell and Allen Forrester were each separately indicted for this crime, which was the burglary of the store of J. B.

May, in the village of Farmer's Branch, Dallas County, on the 4th day of February, 1893.

The case is concisely but sufficiently stated in the opinion, as are also the matters pertaining to the admission of the evidence objected to at the trial.

The special requested instructions, which were refused by the court, are as follows:

Special charge number 1: "(1) Other evidence, to be corroborative, must not only be criminative of defendant's connection with the crime of burglary, but the criminative fact or facts showing the connection of defendant with the burglary must be shown by the testimony of some witnesses other than the witness Forrester. (2) Accomplices in crime can not corroborate each other, nor can an accomplice testify to one fact and corroborate this by testifying to another. (3) An accomplice can not corroborate his own testimony."

Special charge number 2: "(1) The defendant Conway can not be convicted in this case unless the jury believe, beyond a reasonable doubt, that there is evidence, independent of the testimony of the witness Allen Forrester, corroborating the said Forrester upon material matters, and which tend to connect the defendant Conway with the commission of the burglary charged. A corroboration of the witness Forrester only as to matters immaterial, and which do not tend to connect the defendant Conway with the commission of the burglary, is not sufficient. (2) No matter if the jury believe that the statements of the witness Forrester are true, the defendant Conway can not be convicted unless there is other evidence, sufficient of and in itself to connect, or which tends to connect, the defendant with the burglary."

*E. G. Williams* and *Stillwell H. Russell*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for burglary. The conviction depends mainly upon the testimony of Allen Forrester, a confessed principal in the crime. The burglary was committed on the night of February 4, 1893, it being Saturday night. Forrester swears most positively that Brazell, defendant, and he left Dallas on Friday evening, the 3rd of February, and went to Farmer's Branch, at which place the burglary was committed; that they did not enter the house that night, but went down the railroad track about a quarter of a mile towards Dallas, and went to one side across the branch, and built a fire and laid down; that early Saturday morning Brazell went up to town to see whether May's store was opened from the outside or inside, so as to tell whether any one slept in the store or not. "He came back, and reported that it was all right; that the store was opened from the

outside. About 8 o'clock in the morning, Conway (appellant) went up to town to get his breakfast. He came back, and we all three lay down the balance of the day, and the store was entered that night, Saturday, February 4th." Now Rammersberg, though not positive, swears, that "in my best judgment it was Saturday, February 4, 1893, I saw Brazell and Conway [in the city of Dallas]." Robert Smith is positive that he saw Brazell in Dallas on Saturday, February 4, 1893. He states that it was about noon when he saw him. Under the facts of this case, if Brazell or appellant, or either, was in Dallas on the 4th day of February, 1893, then Forrester's testimony is absolutely false, and the State's case fails. To destroy the credibility of Smith, who was positive that Brazell was in Dallas on the 4th, over objections of defendant the State proved by Bob Cornwell that Smith was a confidence man; that the business followed by him was "playing the knife racket;" that he was a thief, etc. Upon cross-examination, the State could ask Smith such questions as would be calculated to elicit the facts; namely, that he was a confidence man, followed the occupation of working the knife racket, and was a thief. But if Smith, though compelled to answer the questions, should deny that he pursued such an occupation or was a thief, the State would be at its end, and could not thus, this being a collateral matter, prove by others that he did follow such a business, or was a common thief. And if, Smith denying this, the State could not prove them by other witnesses, certainly she could not make such proof as a part of her case as original evidence.

It appears from the statement of facts that Forrester, in his testimony in chief, stated: "After being in jail about a week, I sent for Sheriff Cabell, and told him I desired to plead guilty. I gave him a description of Conway and Brazell; but I did not remember their names exactly, and told him how we committed the burglary and everything as I have here told to the jury. I took him over to the Phœnix hotel, where we had stopped, and showed him the hotel register and the room we occupied." This attempt to sustain its witness was made by the State before he was even cross-examined by counsel for the defense. This evidence was introduced by the State as a part of the State's case, and was evidently used for the purpose of corroborating the witness. Was such evidence, under the circumstances, admissible? It was not. Whart. on Ev.

As before remarked, this testimony was obtained from Forrester in his examination in chief, and of course before the witness was cross-examined. No principle in the law of evidence is better settled than the one enunciated in the rule that testimony in chief of any kind, tending merely to support the credit of the witness, is not to be heard except in reply to some matter previously given in evidence by the opposite party to impeach it. When this evidence was introduced, nothing had been given in evidence by defendant to impeach the credit

of the witness, and it was for that reason clearly incompetent. The United States v. Holmes, 1 Cliff., 105.

Cabell's testimony as to what Forrester said and did was of the same character, and should have been rejected. Why? Because the statements to Cabell were made after the promises of immunity from punishment may have been made, or after the witness may have formed the intention of becoming a witness for the purpose of obtaining a dismissal of the case against him, or having awarded against him a mild or moderate punishment. If counsel for appellant had attempted or succeeded in showing that the witness had been promised assistance from Cabell, or that the witness had adopted this course for the purpose of receiving a light punishment, then the State would have had a right to show—prove—that before such an inducement had been offered in this case, before the witness sent for Cabell, or before the witness conceived the intention to become a witness, and obtain a light punishment, he had made the statements as sworn to on the trial. But the State would not have had the right to sustain the credit of her witness by proving similar statements made after the promises were made, or after hope sprung into the mind of the witness to obtain a moderate punishment by being a witness in the case. See this principle settled in Wharton on Evidence (2d ed.), section 570, and authorities there cited. Condensed, if the attempt is made, whether successful or not, to prove that a witness has testified (on the trial) under corrupt motives (improper influences), the party relying on his evidence can prove, that before these tempting influences could have affected the witness, he made in substance the same statements as those sworn to by him on the trial. But no statements made after such influences may have affected the witness can be introduced in evidence to support his credit. We are not treating of rape or assault to commit rape. The testimony of Rammersberg and Robert Smith tends very strongly to prove that defendant was not at Farmer's Branch on the 4th of February, 1893. The circumstances of this case are such as to make it certain that if either Brazell or appellant were in Dallas on that day they did not commit the burglary. This being the state of the case, the court should have instructed the jury upon the law applicable to a case in which proof of alibi was adduced. This was not done, and to this omission in the charge counsel for appellant excepted. The exception was well taken. A vast amount of evidence was introduced for the purpose of corroborating Forrester, the confessed accomplice, not with respect to any fact or circumstance which connected appellant with the crime, but which tended to prove that witness was at the place of and participated in the crime. That Forrester was one of the party that committed the burglary is not questioned. This fact is not denied by appellant; but notwithstanding this, the State exercised all its energies in corroborating this accomplice in re-

gard to these immaterial facts.    Under these circumstances, counsel for defendant requested the court to instruct the jury to the effect that corroboration with respect to these immaterial facts was not sufficient. To be corroborative, the evidence from other witnesses must tend to connect defendant with the crime.    These instructions present the issue very sharply, and under the circumstances of this case should have been given.

For the reasons specified, the judgment is reversed and cause remanded for another trial.

*Reversed and remanded.*

Judges all present and concurring.