### DR. E. T. WALKER v. THE STATE.

#### No. 3672. Decided December 19, 1906.

**1.—Local Option—Requested Charge—Intoxicants.**

Upon a trial for a violation of the local option law, it was error to refuse a requested charge as to what constituted an intoxicant.

**2.—Same—Mistake of Facts.**

Upon trial for a violation of the local option law, where the question arose from the evidence that the defendant did not believe, and had a right not to believe, that the concoction which he sold was an intoxicant, under a mistake of fact, the court should have submitted the requested charge, to acquit in such an event.

Appeal from the County Court of Trinity. Tried below before the Hon. C. H. Crow.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law. Appellant asked the court to give the following special charge, which was refused: "You are instructed that any liquor intended for use as a beverage, and capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation in such a proportion that it will produce intoxication, when taken in such quantities as may practically be drunk, is an intoxicant. And in this case, if you have a reasonable doubt as to whether the liquor charged to have been sold by defendant as above defined,—then you will give defendant the benefit of such doubt and acquit him." The court should have given this charge.

We find the following charge requested, which was refused by the court: "If you believe from the evidence in this case beyond a reasonable doubt that the drink sold in this case was intoxicating, as alleged in the information, but shall further believe that at the time the defendant sold the same, if he sold it, he honestly believed that it was not intoxicating and would not produce a state of intoxication when drunk in reasonable quantities, such as the human stomach will ordinarily hold, then and in such event, the defendant would not be guilty, and

it will become your duty to acquit him." The evidence on the part
of the appellant was that he did not think the concoction he sold prose-
cuting witness ·was intoxicating. Other witnesses testified to the same
fact. This was a pertinent issue in the trial. This court has held
where the defendant sells in a local option district a concoction that
he does not believe and had a right to believe was not an intoxicant
under a mistake of fact, that he should not be convicted. It follows,
therefore, that the court erred in refusing this charge.

We do not deem it necessary to pass upon the other questions. For
the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*