## Jim Covington v. The State.

### No. 3863.   Decided February 20, 1907.

**1.—Local Option—Non-Intoxicant—Mexican Hot Cider.**

Upon a trial for the violation of the local option law, the issue was whether the liquid sold was whisky or a drink called Mexican hot cider which was shown to be non-intoxicating, the evidence showed that the decoction sold was not intoxicating and that the defendant sold it as such, but some of the witnesses claimed it was whisky.

**2.—Same—Information—Publication—Evidence.**

Where in a prosecution for a violation of the local option law, the information alleged that the order was published as required by law, it was sufficient; and where the proof showed that the paper for such publication was selected by the county judge, the same was sufficient, even though the commissioners court had by its order selected the same paper.

**3.—Same—Charge of Court—Weight of Evidence—Burden of Proof.**

A charge that if the jury found that the drinks of liquor sold to prosecutor were Mexican hot cider, (which was a non-intoxicant) they could not convict the defendant, was not on the weight of the evidence when taken in connection with the other charge.

**4.—Same—Motion for a new Trial—Two Days After Verdict—Motion to Strike Out.**

Where a motion for new trial in a local option case was filed within two days after the verdict was returned, and some sixteen days thereafter an amended motion was filed for setting up the misconduct of the jury which was not contained in the original motion, and which was supported by affidavit showing such misconduct and that the same had been discovered since the filing of the original motion, the State's motion to strike out this amended motion because it came too late should not have been sustained, and the court should have heard said amended motion for new trial; as the matter was in the sound discretion of the court.

Appeal from the County Court of Montague. Tried below before the Hon. Geo. S. March.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days imprisonment in the county jail.

The opinion states the case.

*Jas. A. Graham,* for appellant.—On the question of amended motion for new trial: Blocker v. State, 61 S. W. Rep., 391; Ysaguirre v. State, 58 S. W. Rep., 1005.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $100 and twenty days confinement in the county jail; and brings the case here on appeal.

The issue in this case was whether the liquid sold was whisky or a drink called Mexican Hot Cider, which is shown to be non-intoxicating. There is no evidence that the decoction made the party who purchased it or his companion intoxicated. The witness Gage testified that he and his companion A. H. Hancock went into Gill Utts' place of business where cold drinks were kept and asked for two drinks of "Mexican Hot Cider." They drank it, and witness paid for it, and .in about twenty or thirty minutes they came back and bought two more drinks from the same party (appellant) in this case and drank these, his companion A. H. Hancock paying for same. He states that they paid 30 cents for the two drinks, that is, 15 cents a drink. Prosecutor testified that he would not swear positively it was whisky, but in his best judgment it was. On being pressed in cross-examination he stated that it was whisky; that he had never tasted Mexican Hot Cider in his life and didn't know how it tasted. It was shown that the parties-asked for Mexican Hot Cider, which appellant, as an employee of Utts, was in the habit of selling, and that there was no understanding that they expected to get anything but Mexican Hot Cider; that there were no winks or blinks intimating that they desired anything else than what they called for.

A. H. Hancock testified that he was with Gage when the drinks were bought and that they called for Mexican Hot Cider both times and that it tasted like whisky, and to the best of his knowledge it was whisky. Both of these witnesses testified that it did not make them intoxicated; that they drank out of glasses that held about half as much as an ordinary glass, which were about full. A number of witnesses testified that they were in the habit of drinking Mexican Hot Cider there; they tasted nothing intoxicating about it, felt no intoxicating effects from it, and appellant kept Mexican Hot Cider on sale and they did not know of him selling any whisky at that place.

Appellant himself testified that he was an employee of Gill Utts and that he did not keep whisky, and that he had sold a good deal of Mexican Hot Cider, and nobody had ever said it was intoxicating before this occasion; that if-the stuff- he sold was intoxicating he did not know it. An internal revenue license was posted up in the place of business where appellant was employed, and this was introduced in evidence. This was explained, the testimony showing that appellant originally intended to keep a cold-storage for the storing of liquors for other persons, and had. abandoned that idea, and got the internal revenue license for that purpose.

Appellant insists that the information is not sufficient; that the allegation that the order putting local option into effect had been published as required by law was not sufficient, and he insists that this

question comes under the Hode Carnes case. We do not agree to this. The allegation that it was published as required by law is not tantamount to an allegation that said order was published by the commissioners court or that they caused same to be published. He also contends that the proof on this point shows that the commissioners court caused the publication to be made. This is not correct. The order of the commissioners' court is in this-wise: "It is further ordered by the court that this order be published four successive weeks in the Montague Democrat, a weekly newspaper published in Montague County, which said newspaper is hereby designated for that purpose by W. W. Cook, county judge of said county, present and presiding with the court." The certificate of the judge also shows that he selected the paper and caused publication of the order to be made for four successive weeks, etc. It occurs to us that even if the commissioners court had selected the paper in which publication was to be made, and the county judge subsequently selected the same paper, and caused publication of the order to be made therein, this would. not vitiate the publication, but the order does not even show this. It shows that the paper was selected by the county judge.

Appellant objects to the court's charge, as follows: "But if you find that the two drinks of liquor sold to A. H. Hancock were Mexican Hot Cider, you cannot convict defendant and should say by your verdict not guilty." Appellant maintains that this is placing the burden of proof on the defendant to show that the two drinks of liquor were Mexican Hot Cider. The previous portion of the charge had required of the jury to find that appellant sold the decoction to prosecutor, and that it was whisky; that they must find this beyond a reasonable doubt before they could convict appellant; then told the jury as above indicated, and immediately afterwards instructed the jury that appellant was presumed to be innocent until his guilt was established by legal evidence beyond a reasonable doubt, and in case they had a reasonable doubt as to defendant's guilt, then to acquit him. We think this was sufficient and was not shifting the burden of proof. It was not necessary for the court to give the special requested instruction of appellant to the effect that if they believed that the two drinks sold by appellant to prosecutor and his brother L. J. Hancock, during the month of April, were not intoxicating to acquit appellant. There was some testimony tending to show that on another occasion the same character of fluid was sold by appellant to prosecutor and his brother L. J. Hancock, but this did not require of the court to give this special charge and put the issue of the case on another transaction.

Appellant filed a motion for a new trial within two days after the verdict was returned, but subsequently and before the motion was acted on he filed an amended motion in which, among other things, he set up the misconduct of the jury, which was not contained in the original motion. Among other things, he set up that one of the jurors,

to wit: E. B. May, was not a householder or a freeholder, and that one of the jurors, while they were deliberating on their verdict, and before they had reached a conclusion, stated to the jury and in May's presence, and to him, May, as a means of convincing him that the defendant was guilty, that he was in Nocona, Texas, where the sale of the whisky is alleged to have occurred, from two to three times a week, and passed by the frosty joint where said offense is alleged to have been committed, and that he personally knew that they were selling whisky there. This juror May, in his affidavit, states that the juror was a fleshy man, but that he had forgotten his name. Affidavits as to the newly discovered evidence were made, and the attorney for the defendant also made an affidavit to the effect that when he made the original motion for a new trial he did not know of the misconduct of the jury and only learned it afterwards. The State made a motion to strike out this amended motion on the ground that it came too late, that more than two days had elapsed after the verdict was rendered, before it was filed; that in fact the amended motion which for the first time set up the disqualification of the juror May, and the alleged misconduct of the jury, was filed on the 21st of September, sixteen days after the verdict was returned, and only a day before court was to adjourn. Appellant answered this by showing he did not get formal permission of the court to file the amended motion; that in pursuance of custom he filed said amended motion as soon after he obtained the information as was practicable; that he only talked with the juror on the 19th of September, then found from him the newly discovered evidence, and as soon as he could thereafter he filed said motion; that appellant did not ask for the jurors to be summoned because he could not presume in advance that the State would require the presence of the jurors in disposing of said mended motion, but he then asked that the jurors be summoned and shows that one of the jurors, to wit: J. M. Cothran was then immediately accessible, being at the county seat, and that his information was that Cothran would support the affidavit of the juror made, and he also showed that the other jurors could be had by the next day before the final adjournment of court. The court refused to comply with appellant's request, and struck out the amended motion. In this action of the court we think there was error. True, the statute requires a motion for new trial to be filed within two days after a verdict is rendered, but the statute also provides for a motion for new trial to be filed after the expiration of the two days, and if sufficient merit is shown therein the court may in its discretion consider it. In ordinary practice it is usual within two days to file a motion for a new trial, and this is frequently followed up with an amended motion more fully setting out the grounds for a new hearing, and sometimes setting out new grounds, and we are not aware that the question of striking out such a motion has previously come before this court. We think the allowance of such a motion or such an amendment is within the sound dis-

creation of the court, and if merit is shown in the amended motion, although new reasons should be assigned therein and reasonable cause for delay or failure to file the same sooner is alleged, it is the duty of the court to consider the amended motion. Here it appears that appellant excused the delay in filing the new cause, that is, the misconduct of the jury. The affidavits were evidently calculated to cast suspicion on the integrity of the verdict, and it was the duty of the court to have investigated this matter. Appellant shows that the jurors could be had before th expiration of the term and certainly some effort should have been made to procure their attendance on the court. This is a case where the intoxicating property of the fluid sold was the crucial feature of the case, and the statement of one of the jurors to the juror May that he personally knew appellant was engaged in the sale of whisky at that joint was calculated to unduly influence the jury, and it may have influenced others. This matter should have been thoroughly investigated. For the failure and refusal of the court to investigate and determine this question, the judgment is reversed and the cause remanded.

*Reversed and remanded.*