### Jim Reed v. The State.

No. 4031.    Decided February 26, 1908.

**1.—Local Option—Evidence—Good Faith—Non-Intoxicant.**

Upon trial for a violation of the local option law, it was error to exclude testimony of the defendant that he honestly believed at the time that the alleged beverage when sold was non-intoxicating. Following Covington v. State, 51 Texas Crim. Rep., 48.

**2.—Same—Evidence—Internal Revenue Collector's Certificate.**

The statute makes admissible in evidence an examined copy of the Internal Revenue Collector's books, but there is no statutory authority for the introduction of the collector's certificate, and such testimony in a local option case was reversible error.

**3.—Same—Charge of Court—Principals—Accomplice.**

Where upon trial for a violation of the local option law, the evidence showed participation of defendant and others in the alleged illegal sale, the court correctly charged that if the defendant knew of the unlawful intent of his codefendants, and acted together with them in making such sale, defendant would be guilty whether he delivered and received pay therefor or not. All parties are principals is misdemeanor cases. Besides, the evidence showed that defendant was present.

Appeal from the County Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*W. H. Murchison,* for appellant.—Authorities cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail.

Bill of exceptions No. 1 shows the following: "While defendant was on the stand as a witness in his own behalf, the following question was propounded to him by his counsel: 'State whether or not at the time you begun work for B. S. Foreman, and at the time you are accused of the sale alleged in the indictment you had been led to believe and did

honestly believe that the liquors sold in the said Foreman's place of business were non-intoxicating beverages.' The court sustained the State's objection to same on the ground that the testimony was irrelevant and immaterial. If permitted, the defendant would have stated that 'Mr. Foreman told me at the time I went to work for him, which was about two weeks prior to the date alleged in the indictment, that the liquors sold by him were non-intoxicating, and I believed at the time of the alleged sale to Mr. Miller that the cold drinks sold to said Miller in said Foreman's place of business were in fact non-intoxicating beverages.'" This testimony was admissible, and the court erred in refusing to admit same. We have heretofore held that, if a party honestly believes the liquor sold is not an intoxicant, said fact can be proven. Here the defense proposed to prove by the party who employed appellant that he was informed that the liquor was not intoxicating, and so believing he sold same. This testimony was admissible. See Walker v. State, 49 Texas Crim. Rep., 345; 98 S. W. Rep., 843; and Covington v. State, 51 Texas Crim. Rep., 48; 100 S. W. Rep., 370.

Bill of exceptions No. 2 shows the following: The State, over appellant's objection, was permitted to introduce in evidence the following instrument, in writing, to wit:

"Internal Revenue Service, 4th District of Texas.
Collector's Office.

DALLAS, TEXAS, February 27, 1907.
Collector's Certificate.

I hereby certify that it appears from the records of my office that license was issued, as follows, viz:

Kind of stamp—Retail Malt Liquor Dealer.
Serial number, 7847.
Date of Issue, August 28, 1906.
To whom Issued, B. S. Foreman.
Issued for period, commencing August 1, 1906.
Place of Business: Rule, Texas. Locality.
Amount paid: Eighteen and 33–100 Dollars ($18.33).

In witness whereof, my official seal and signature, this the 27th day of February, 1907.

(Seal)　　　　　　　　　　　　　　　P. B. HUNT, Collector."

Appellant objected to same because it was not shown by any testimony whatever, that the defendant had any knowledge of the existence of the said license, or that it had ever been issued to said Foreman, or that he had any knowledge that the said Foreman, his employer, had said license; because the said instrument was wholly immaterial and irrelevant to any issue in the case on trial, and was calculated to injure and prejudice the rights of the defendant. There is no authority in this State for the introduction of the internal revenue collector's certifi-

cate. The statute makes admissible an examined copy where proof of said fact is made; then the examined copy of the internal revenue collector's books can be admitted, but there is no statutory authority for the introduction of the collector's certificate.

Appellant complains · of the following charge of the court: "You are charged that, if you believe from the evidence beyond a reasonable doubt that the defendant and any other person acting together sold intoxicating liquors to M. P. Miller at the time and place alleged in the indictment in this case, and that each and both of said persons were present at the time of such sale, and each knew the unlawful act in making said sale, then the defendant would be guilty regardless of whether it was the defendant or such other person who actually delivered to said Miller such intoxicating liquor, or received the pay therefor." This charge is correct. All parties are principals in misdemeanor cases. Besides, the evidence shows, according to the testimony of the prosecuting witness, that appellant was present at the time of the sale, aiding and abetting.

For the error of the court in excluding the testimony above discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*