## Gus Dorman v. The State.

No. 1432.    Decided December 6, 1911.

**1.—Local Option—Indictment.**

Where the indictment, in a prosecution for the violation of the local option law, is drawn in accordance with approved form, the same is sufficient.

**2.—Same—Evidence—State's Witness.**

Where the State's witness was not attacked in his statements, the State can not support its witness by proving his statement at other times and places.

**3.—Same—Charge of Court—Law in Force.**

The State must show, in prosecutions under the local option law, that prohibition is in force in the territory of the alleged offense, and where this is not done and proper exceptions were made by special charge and in motion for new trial, there was reversible error.

Appeal from the County Court of Madison.    Tried below before the Hon. Tom. D. Clark.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury, charged with selling intoxicating liquors, after local option had been adopted.

1. In his first bill of exceptions, appellant complains of the refusal of the court to quash the indictment. The indictment is drawn in accordance with the form frequently approved by this court, and the court did not err in overruling the motion to quash.

2. The State introduced John Lambert, who testified he bought two bottles of whisky from appellant. On direct examination he also testified: "I testified before the grand jury in this case, and I first told them I bought the whisky from Ed. Evans. I went back before them in a few days and then told them I did not buy the whisky from Ed Evans, but I bought it from Gus Dorman (the appellant). I told the grand jury I bought it from Ed Evans because I had heard Dorman say that he would kill anybody that put him in for selling whisky." This was all elicited by the State, and when this witness was examined, the State placed George Sheeler, a member of the grand jury that returned the bill of indictment in this case, on the stand, who testified: "The witness, John Lambert, was twice before the grand jury. He first testified that he bought the whisky from Ed Evans, and several days thereafter, came back before us and said he wanted to make another statement, and then said he did not buy the whisky from Evans, but that he bought it from Gus Dorman." The appellant objected to the witness, Sheeler, being permitted to thus testify on the ground "that said testimony could not be used for any purpose only to strengthen the testimony of the prosecuting witness; that defendant had not made any attack on the testimony of the witness, and said statement was inadmissible for any purpose." As hereinbefore stated, this testimony was introduced by the State on its direct examination of the witnesses, and, of course, was inadmissible at this time, as the State can not support its witness by proving his statement at other times and places, until defendant seeks to impeach the witness by showing contradictory statements, or in some other manner. This the defendant had not sought to do, and from a careful examination of the record, it does not appear that he at any time sought to impeach the witness. He simply denied the sale, as did his witnesses. This does not give the State the right to support a witness; neither can the State, itself, show contradictory statements by its witnesses, and thus secure the right to support them. This testimony of the witness, Sheeler, should not have been admitted.

3. The appellant requested the court to charge the jury: "You are instructed that if the State of Texas failed to introduce and read the order of the Commissioners' Court of Madison County, Texas, ordering the election and the order showing the result of said election and the order showing the publication of said election as required by law, you will acquit the defendant." While this court has held that if the order of the county judge showing a publication has been introduced,

it would be immaterial whether the other orders were introduced in evidence or not in the absence of any contest as to their legality, yet it has always been held that the State must, in some way, show that prohibition is in force in the territory before the sale is alleged to have been made. From the statement of facts it does not appear that any of these orders were introduced in evidence, and by requesting this special charge it appears that the court's attention was called to the matter before the final termination of the case. The failure of the court to give this charge was excepted to at the time, as is shown by bill of exceptions No. 4, and is assigned as error in motion for a new trial. This matter is also complained of in the motion for a new trial in paragraph 5, wherein it is alleged that the judgment is contrary to the evidence in that the evidence did not show that prohibition was in force in Madison County. The local option law is a local or special law, and is in force only in those counties where the people have adopted it, and this court does not judicially know in what territory it has been adopted, and the evidence must show this law to be in force in the territory where the sale is alleged to have been made, or the judgment can not be sustained.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*