BLUE JAY ROBINSON v. STATE.

No. 2333.   Decided March 5, 1913.

1.—Local Option—Indictment—Law in Force—Date of Offense.

Where the indictment alleged, without giving the date, that the prohibition law was put in force by election, orders, etc., prior to the time the act making it a felony was passed, the same was sufficient. Following. James v. State, 63 Texas Crim. Rep., 75.

2.—Same—Insufficiency of the Evidence—Law in Force.

In the absence of proof that the prohibition law was in force in the county of the prosecution, the conviction cannot be sustained.

3.—Same—Judicial Knowledge—Local Option Law.

Courts cannot judicially know that prohibition is in force in any given locality in this State; it is, therefore, always necessary to make this proof.

4.—Same—Charge of Court—Law in Force—Contest.

Where a local option election is not contested within the time specified by law, it becomes effective as a matter of law and when the proof is made that the election has been held, etc., the court can charge as a matter of law that prohibition is in force.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. W. Minton,* for appellant.—On question of proof that prohibition is in force: Ellis v. State, 59 Texas Crim. Rep., 626, 130 S. W. Rep., 170; Morton v. State, 37 Texas Crim. Rep., 131.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for unlawfully selling intoxicating liquor under the first part of Article 579, Penal Code, making it a misdemeanor and fined $25 and twenty days in jail.

Appellant claims the indictment is invalid because it does not allege the specific date on which prohibition was put in force in Sabine County, it alleging, however, without giving the date, that the prohibition law was put in force by election, orders, etc., prior to the time the Act making it a felony was passed. The indictment, in our opinion, is sufficient. James v. The State, 63 Texas Crim. Rep., 75.

No evidence whatever was introduced on the trial, of the various orders of election declaring the result, publication and the order making prohibition effective. In other words, there was no proof at all introduced on the trial that prohibition was in force in Sabine County, nor when nor how put in force. The point was clearly made in various ways by the appellant in the lower court and in this. This court has many times and uniformly held that it does not and can not judicially know that prohibition is in force in any given locality in this State, nor can any of the lower courts have such judicial knowledge. It is, therefore, always necessary to make this proof. When the proof is made by the introduction of the proper orders, etc., then, under the law, as it now is, the court can charge as a matter of law that prohibition is in force, but it can not do so in any case, unless such proof is made. The reason it can so charge when the proof is made is because, under the law as it now is, where an election resulting in prohibition has been carried and it has not been contested within the time specified, it becomes effective as a matter of law, and does not have to be found as a fact by the jury. The failure to make this proof necessarily results in a reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*