## J. H. GREEN v. STATE.

No. 2347.   Decided March 12, 1913.

**Local Option—Law in Force.**

Where the record did not show that local option was in effect in the territory where the alleged violation of the law occurred, the same is reversible error.

Appeal from the County Court of Matagorda.   Tried below before the Hon. W. S. Holman.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Linn, Conger & Austin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.   Cited Poudrill v. State, 61 Texas Crim. Rep., 431.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law.

There are some questions of more or less moment in the case, but inasmuch as the record does not show that the local option law was in force and effect in Matagorda County, this conviction can not be sustained.   It is necessary under the law of this State, and the decisions of this court, that it be shown by the record that local option law was in effect in the territory where the alleged sale occurred in violation of said law; otherwise, the law could not be violated.   It is unnecessary to discuss this question.   It has been so often decided that authorities are not necessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*