### Travis Whittlesey v. The State.

No. 2935.   Decided January 14, 1914.

Rehearing granted January 28, 1914.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of a violation of the local option law, the purchaser of the whisky did not recognize the defendant at the time, but another party who bought whisky from the defendant about the same time and place did recognize him, and the court submitted a proper charge on circumstantial evidence, the conviction will not be disturbed on appeal.

**3.—Same—Rehearing—Law in Force.**

Where, upon trial of a violation of the local option law the court instructed the jury that prohibition was in force, to which no objection was made, but it appeared from the record that there was no evidence showing that prohibition had been legally adopted in the county of the prosecution, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Sabine. Tried below before the Hon. J. B. Lewis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*E. P. Padgett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was convicted of selling intoxicating liquors in prohibition territory, and his punishment assessed at imprisonment in the county jail twenty days and a fine of $25.

The only assignment in the motion raises the issue of insufficiency of

the testimony. The evidence would show that appellant and another white man attended a negro dance at night. Sidney Green testified: "I was at a negro frolic at Dock Redds about the 15th of last February. I saw the defendant, Travis Whittlesey, there with Mr. Calud Toole that night. I saw the defendant by the side of the road by an old crib where I bought some whisky from him. I first saw him standing in the yard in the light and he asked me if I wanted some whisky and I told him I did. I went down to the old crib near the house and he sold me a pint for a dollar." Arthur Patton, the person to whom the sale is alleged to have been made, testified that about ten o'clock at night he went down the road and some one hailed him and asked him if he did not want something. That he did not recognize who it was; that he had his hat pulled down over his face. He asked the person who hailed him how much it was worth and he replied seventy-five cents. That he paid him seventy-five cents and got a pint of whisky. That he was standing against the old crib near the house, it being the same place where Sidney Green said he purchased whisky from appellant. Patton could not and did not identify appellant as the person who sold him the whisky.

The court submitted the case to the jury, charging them that it was a case of circumstantial evidence; after instructing them they could not convict appellant for a sale made to any person other than to Arthur Patton, he instructed them:

"In determining whether or not a sale of intoxicating liquor was made to Arthur Patton at the time and place alleged, and in determining whether or not the defendant made said sale, if any, you will look to all the facts and circumstances in evidence before you, and in this connection you are charged that in order to warrant a conviction of crime on circumstantial evidence, each fact, necessary to the conclusion sought to be established, must be proved by competent evidence, beyond a reasonable doubt; all the facts (that is, the facts necessary to the conclusion) must be consistent with each other and the main fact sought to be proved; and the circumstances taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty that the accused, and no other person committeed the offense charged.

"But in such cases it is not sufficient that the circumstances coincide with, account for and therefore render probable, the guilt of the accused: They must exclude, to a moral certainty, every other reasonable hypothesis, except the defendant's guilt, and unless they do so, beyond a reasonable doubt, you will find the defendant not guilty."

This placed the case before the jury in as favorable light as appellant has a right to expect, and the jury find the circumstances sufficiently cogent to justify a conviction. Sidney Green recognized appellant and bought a pint of whisky from him at the crib. Patton bought a pint from a person at the crib whom he did not recognize, about the same time. No other person is shown by the record to have been near the

crib that night, and under such circumstances we will not disturb their verdict.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 28, 1914.

HARPER, JUDGE.—This case was affirmed at a former day of this term. In appellant's motion for a rehearing he calls our attention to the fact that there is no proof that prohibition is in force in Sabine County. Originally this was not called to our attention, but appellant apparently relied on the fact that in his opinion the evidence did not show with sufficient certainty that appellant was the person who made the sale of the whisky. Now, in this motion he relies solely on the fact that there is no showing in the record that prohibition was ever adopted in Sabine County, and in this contention the record before us supports him. Evidently this proof must have been made or admitted on the trial of the case, for the court in his charge instructs the jury that *prohibition is in force in the county,* and there is no complaint of the court's charge so instructing the jury, and if this was an open question, where the court so instructed the jury, and there was no contest over this fact in the trial of the case, individually the writer would be inclined to hold that an assignment that "the evidence did not support the verdict," and this was the only way the matter was called to the attention of the trial court, and no objection being reserved to the court instructing the jury that prohibition was in force, would not bring this question before us for review properly. However, in an unbroken line of decisions this court has held that if the statement of facts does not show that prohibition has been legally adopted, the case must be reversed, and in obedience to the law as thus laid down, the motion for rehearing is granted, and the judgment is reversed and the cause remanded. It seems strange to us the county attorneys will labor so industriously to secure a conviction and then through a careless preparation of the record on appeal leave out matters proven that are essential to the verdict being sustained.

The motion for rehearing is granted, and judgment is reversed and cause remanded.

*Reversed and remanded.*