Petra Lerma v. The State.

No. 4418.    Decided March 28, 1917.

**1.—Local Option—Evidence—Exhibits—Practice—Harmless Error.**

While it has frequently been criticized to exhibit certain compounds to the jury upon trials of violation of the local option law, yet where the evidence was conclusive that if the sale was made, that the fluid was whisky and that whisky is an intoxicant, the fact that the jury examined or smelled the liquid, while error, would not be harmful under the facts of this case.    Following Thompson v. State, 72 Texas Crim. Rep., 6, and other cases.    Distinguishing Parker v. State, 45 Texas Crim. Rep., 334, 75 S. W. Rep., 30, and other cases.

**2.—Same—Other Offenses—Rebuttal Evidence.**

Where appellant complained of the introduction in evidence of another and different offense, but it appeared from the record that the evidence complained of was in rebuttal to that given by the appellant with reference to the length of time she had lived with her present husband, etc., and the facts did not develop proof of another offense, there was no reversible error.

**3.—Same—Insufficiency of the Evidence—Law in Force—Judicial Notice.**

Where the statement of facts failed to show that the sale of intoxicating liquor had been prohibited in the justice precinct where the offense was alleged to have been committed, the evidence was insufficient to support the conviction, and this court can not take judicial notice of the fact that there has been an election resulting in the prohibition of such sale.    Following Jackson v. State, 157 S. W. Rep., 1196, and other cases.

**4.—Same—Rule Stated—Law in Force—Judicial Notice.**

The local option law is a local or special law and is in force only in those counties where the people have adopted it, and this court does not judicially

know in what territory it has been adopted, and the evidence must show this law to be in force in the territory where the sale is alleged to have been made, or the judgment can not be sustained. Following Dorman v. State, 64 Texas Crim. Rep., 104, and other cases.

Appeal from the District Court of Wilson. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

J. F. Canfield, for appellant.—On question of burden of proof and law in force: Dane v. State, 32 Texas Crim. Rep., 87; Parker v. State, 45 Texas Crim. Rep., 334, 75 S. W. Rep., 30.

E. B. Hendricks, Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was indicted and convicted of the offense of selling intoxicating liquor in a territory where its sale was prohibited, and her punishment assessed at confinement in the State penitentiary for one year.

In the first bill of exceptions complaint is made of the fact that the jury was permitted to uncork a bottle of liquid, alleged to have been a part of the intoxicating liquor sold by appellant, and to smell the liquid. This character of procedure is criticised by this court in the case of Dane v. State, 36 Texas Crim. Rep., 84, in which case there was an issue as to whether a certain compound was an intoxicating liquor and the jury was permitted to taste and smell it. There was in that case evidence pro and con as to whether the particular fluid which appellant sold was intoxicating. This court also had the question before it in the case of Parker v. State, 75 S. W. Rep., 30, and held that the court committed error in permitting the jury to handle and smell the bottle of liquid which was introduced in evidence as being that charged to have been sold by appellant in that case. Under the facts of that case there was a sharp issue as to whether the compound charged to have been intoxicating was in fact so, and as to whether or not the liquid exhibited to the jury was the same that had been sold by appellant. In Thompson v. State, 72 Texas Crim. Rep., 6, 160 S. W. Rep., 685, where the liquid in question was diluted alcohol and shown to have come from the possession of appellant, it was held that the fact that the jury handled the bottle and smelled its contents was not error. In the present case the prosecuting witnesses testified that they bought whisky from appellant. The appellant denied the sale altogether. There was testimony showing that the bottle exhibited to the jury was the same and the contents the same that was purchased by the prosecuting witness from appellant. The issue, therefore, was not whether the particular liquid was intoxicating, but whether or not the sale had been made. It has been frequently held by this court that it will take

judicial notice of the fact that whisky is an intoxicating liquor. Rutherford v. State, 49 Texas Crim. Rep., 21; Wilcoxson v. State, 91 S. W. Rep., 581; Words & Phrases (New), vol. 2, p. 1182. The same is true with reference to alcohol. Walker v. State, 50 Texas Crim. Rep., 495, 98 S. W. Rep., 265; Words & Phrases (New), p. 1176. The evidence being conclusive that if the sale was made, that it was whiskky, and the court judicially knowing that whisky is an intoxicant, the fact that the jury examined or smelled the liquid, while error, would not be harmful under the facts of this case.

The second assignment of error complains that there was error committed by the court in permitting the State to introduce evidence that appellant committed another and different offense. The evidence complained of was in rebuttal to that given by the appellant with reference to the length of time that she had lived with her present husband, and was to the effect that she could not have lived with him long because she was living on witness' place with another Mexican whose name he did not know. He said that he did not claim that she was living in adultery with the Mexican. Appellant herself said she had been married more than once, and while we do not think the testimony was material or admissible, we are of opinion that the facts developed do not sustain the contention that it was proof of another offense.

In our opinion the other assignments of appellant present no reversible error, except the one which complains of the insufficiency of the evidence. An examination of the statement of facts discloses that it fails to show that the sale of intoxicating liquor had been prohibited in justice precinct No. 4, where the indictment charges the offense to have been committed. It has been uniformly held by this court that an essential requisite to the validity of the conviction for the sale of intoxicating liquor is proof that its sale has been prohibited, and that this court can not take judicial notice of the fact that there has been an election resulting in the prohibition of such sales. The court submitted to the jury the question of whether the sale of intoxicating liquor was prohibited in justice precinct No. 4, but, as above stated, there is no evidence in the record which would authorize the jury to determine that issue in the affirmative. From the case of Jackson v. State, 157 S. W. Rep., 1196, we take the following quotation in an opinion reversing the case rendered by Judge Prendergast:

"This court has uniformly held, and there are a large number of decisions to that effect, that a conviction for violating the prohibition law in any county or subdivision thereof where prohibition has been adopted can not be sustained, unless proof was made showing that prohibition had been adopted and was in force at the time the alleged violation occurred; that the courts can not take judicial notice that prohibition is in force in any county or subdivision thereof. The personal knowledge of the presiding judge is not judicial knowledge."

Other recent cases to the same effect are Whittlesey v. State, 72 Texas Crim. Rep., 614, 163 S. W. Rep., 78; Lewis v. State, 73 Texas Crim.

Rep., 16, 163 S. W. Rep., 705; Green v. State, 69 Texas Crim. Rep., 550, 155, S. W. Rep., 210; Robertson v. State, 69 Texas Crim. Rep., 496, 154 S. W. Rep., 997. In the case of Dorman v. State, 64 Texas Crim. Rep., 104, 141 S. W. Rep., 526, this court, in an opinion by Judge Harper, used the following language:

"The local option law is a local or special law, and is in force only in those counties where the people have adopted it, and this court does not judicially know in what territory it has been adopted, and the evidence must show this law to be in force in the territory where the sale is alleged to have been made, or the judgment can not be sustained."

In deference to the authorities mentioned and the numerous rulings of this court to the same effect, listed in Branch's Annotated Penal Code, page 695, section 1231, the judgment of the lower court must be reversed and the cause remanded because the record fails to show that the sale of intoxicating liquor was prohibited in the district where the offense is laid, and it is so ordered.

*Reversed and remanded.*