PETE FELCHACK v. THE STATE.

No. 5757.   Decided April 7, 1920.

1.—Tick Eradication—Variance—Allegation and Proof.

Where, the information for a violation of the tick eradication law al-
leged that an election was held in the county of the prosecution, putting in
force said law, but the only proof supporting said allegation of said election
was the certified copy of the supplemental proclamation of the governor,
such as is provided for by Section 7 of Chapter 60, Act of the Regular Ses-
sion of the Thirty-fifth Legislature, the same was insufficient.

2.—Same—Judicial Cognizance—Proclamation of Governor.

While the courts take judicial cognizance of the proclamations of the
Governor, they will not take judicial cognizance of the fact that a local
option election has been held, or that such law is in force in any particular
territory.   Following: Robinson v. State, 69 Texas Crim. Rep., 496, 154 S.
W. Rep., 947 and other cases.

3.—Same—Statutes Construed—Law in Force—Election—Proof Required.

In a prosecution of this kind when had under the provisions of Sections
9 and 10 of the Tick Eradication Law, a certified copy of the proclamation of
the Governor would be sufficient to establish the existence of the quarantine;
but proof of the holding of the election and putting same into effect should
be made as in other cases of violation of Local Option Laws.

4.—Same—Date of Offense—Notice for Dipping.

The date of the alleged offense should correspond with that in the
written notice served for dipping the cattle.

Appeal from the County Court of Washington.   Tried below be-
fore the Honorable W. R. Ewing.

Appeal from a conviction of a violation of the Tick Eradication
Law; penalty, a fine of $100.

The opinion states the case.

*C. R. Johnson* and *A. W. Hodde,* for the appellant.—Cited: Hill v.
State, 124 S. W. Rep., 940.

*Alvin M. Owsley,* Assistant Attorney General for the State.—Cited:
Embreline v. State, 212 S. W. Rep., 952.

LATTIMORE, JUDGE.—Appellant was convicted for the violation
of the Tick Eradication Law, and his punishment fixed at a fine of
$100.

In this case there appears a fatal variance between the allegations
and the proof.   In the complaint and information, it is alleged that
an election was held in Washington County, on January 4, 1919, to

determine whether said county should take up and prosecute the work of tick eradication in said county; at which election, a majority of the votes cast were in favor thereof, and that said law was thereafter put into effect in said county, in manner and form prescribed by statute; that thereafter, to-wit, on June 21, 1919, appellant failed and refused, etc. Upon the trial, the only testimony offered to establish the above allegations in regard to the holding of the election, was a certified copy of the supplemental proclamation of the Governor, such as is provided for by Section 7, of Chapter 60, Acts of the Regular Session of the Thirty-fifth Legislature. The courts take judicial cognizance of the proclamations of the governor—Casino v. State, 34 S. W. Rep., 769, but will not take judicial cognizance of the fact that a local option election has been held, or that such law is in force in any particular territory. Robinson v. State, 69 Texas Crim. Rep., 496, 154 S. W. Rep., 947; Green v. State, 69 Texas Crim. Rep., 550, 155 S. W. Rep., 210; Jackson v. State, 70 Texas Crim. Rep., 582, 157 S. W. Rep., 1196; Lewis v. State, 73 Texas Crim. Rep., 16, 163 S. W. Rep., 705. Will the recital in a proclamation of the steps necessary to establish that a local option election has been held be sufficient to amount to legal proof of such facts?

The applicable part of said Section 7, is as follows:

"The county judge shall immediately so notify the Live Stock Sanitary Commission, and upon receipt of such notice from the county judge of the county so holding the election, the Live Stock Sanitary Commission shall cause to be issued a supplemental proclamation signed by the Governor of Texas, proclaiming a quarantine around said county, and the citizens of said county in co-operation with and under the direction of the Live Stock Sanitary Commission shall begin work of tick eradication within thirty days of the issuance of the said supplemental proclamation."

It therefrom appears that the supplemental proclamation provided for, must be signed by the governor, and must proclaim a quarantine around the county having held the election. This being all that is necessary by statute with reference to said proclamation, we will be compelled to hold the recitals therein, in so far as it might be sought by same to establish the facts leading up to said proclamation, to be hearsay. In this connection, we observe that by the provisions of Section 9 of said Act, proclamations of quarantine by the Governor are made necessary in the cases therein mentioned, in counties which have not held elections and are not free from ticks; and we further note in Section 10 of said Act, that upon the issuance of the proclamation provided for in Section 9, every premise in the counties affected by said last named proclamation, shall *at once become quarantined*. We believe, in case of a prosecution for the violation of this law, when had under facts bringing such prosecution within the provisions of Sections 9 and 10 thereof, a certified copy of the proclamation of the Governor would be sufficient to establish the existence of

the quarantine; but we find no provision in reference to the supplemental proclamation mentioned in Section 7, where by its issuance is made by statute the only condition precedent to the existence of quarantine. We think, under the allegations in this case, the proof of the holding of the election, and putting same into effect, should have been made as in other cases of violation of local option laws, inasmuch as the allegations set up that the quarantine resulted from the holding of such election.

It is also alleged in the information, that the date of the offense was June 21, 1919, and the notice shown in the statement of facts to have been served on appellant, notified him to appear and dip his cattle on June 25th, or four days after the date of the alleged offense. It might be pleaded and shown that appellant failed to dip his cattle on the day named in his notice, and, if sufficient allegations thereof appear, that he failed to dip thereafter; but we have grave doubts as to whether the proof corresponds when the prosecution is for failing to dip cattle at a time which is shown to have been before the time fixed in the statutory notice served upon the accused. The date of the alleged offense should correspond with that in the written notice served.

For the reasons mentioned, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*