JOE T. WARD v. THE STATE.

No. 14070.   Delivered January 28, 1931.
State's Rehearing Denied March 4, 1931.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, possession of intoxicating liquor for the purpose of sale; punishment, one year in the penitentiary.

The State offered on the trial the testimony of Joe Bailey Toombs and Hollis Haynes to the effect that they had been to the house of the appellant on Sycamore Street in Abilene, Texas, on two or more occasions either in December, 1929, or January, 1930, and that they had purchased whisky from the appellant in person on each occasion. The evidence also was to the effect that when they bought the last whisky from appellant sometime in January, 1930, and had gone away, they came back to get some more whisky. Witness Toombs testified that he stayed on the front porch and that Haynes went into the appellant's house to get the whisky; that Haynes was talking pretty loud and that

the first thing he knew a couple of laws arrested them both and put them in the city jail. The witness Haynes testified that when they went to the appellant's house the last time they went there to get some whisky, but did not get anything to drink at that time, but that he had gotten some whisky from appellant prior to the last time he went there, either in the afternoon or night; that the police came down there and arrested them, carried them to jail, and that he was arraigned in the city court the next morning and he believed he was charged with disturbing the peace and that he paid a fine.

Appellant's wife testified that on the night of the disturbance that the State's witnesses, Toombs and Haynes, came to their house; that Haynes first called, and then he came in; that Toombs stayed on the porch; that Haynes came into the house and said he wanted some whisky; that she told him that they did not have any whisky; that he told her if she did not let him have some whisky or get him some, that they were going to stack the furniture and that she told him, "You can't do that," and that he said, "Yes, I am, who is going to keep me from it?" That she then phoned for the police. She further testified that both Toombs and Haynes were drunk. She further testified that they had never had any whisky in their place for sale and had never sold any whisky. Substantially to the same effect was the testimony of Clara and Floyd A. Ward, and Mrs. Gene Deisher, who were the daughters and son of appellant, as to what occurred at appellant's house.

The witness T. A. Hackney, being recalled by the appellant, testified that when he got to the house of the appellant on the night in question, where he had been called to make an arrest, he found Mrs. Ward, her children, Hollis Haynes and Joe Bailey Toombs there; that Mrs. Ward told him what the trouble was and that he arrested Haynes and Toombs; that he had no trouble with them to speak of; that they did not offer to fight him; that Haynes was drunk and Toombs was drinking; that it was between eleven and twelve o'clock at night. There was no evidence offered by the State that the appellant was present at the time of the arrest of the witnesses, Haynes and Toombs.

By appellant's bill of exception No. 3 it is shown that upon cross-examination of the witness T. A. Hackney by the State that he was permitted to state that when he arrested the witnesses Haynes and Toombs at appellant's house and had left the house with them, that they were cursing the appellant for being a bootlegger and for selling them liquor, and that appellant objected for the reasons then stated that such conversations occurred after Haynes and Toombs were arrested and while the officer was on the way to the police station with them and that such conversations were no part of the res gestae, and said evidence was allowed to go to the jury over appellant's objection, and that the trial court refused appellant's request to exclude it from the jury upon the

same grounds as the appellant had theretofore objected to its introduction, and that the appellant in open court excepted to the action of the court.

The fact as to whether the appellant had sold any whisky to the witnesses, Haynes and Toombs, or whether he had any whisky in his house was closely contested. There is in the record no evidence that said witnesses purchased any liquor from anyone at the time of their visit to appellant's home when they were arrested there. The statement made after their arrest while being carried away by the officers was not part of the res gestae. Not being part of the res gestae and the evidence failing to show that the statement was made while appellant was present, it was error to permit the State to bolster up its witnesses by proof that said witnesses made similar statements in harmony with their testimony on the present trial, as such witnesses had not been attacked on the statements sought to be supported and said statements in this State could not have been offered for any other purpose by the State except to attempt to bolster up its witnesses. The simple denial of the sale by appellant's witnesses did not by itself give the State the right to support its witnesses. Dorman v. State, 64 Texas Crim. Rep., 104, 141 S. W., 526; Long v. State, 58 Texas Crim. Rep., 29, 124 S. W., 640; Conway v. State, 33 Texas Crim. Rep., 327, 26 S. W., 401. The admission in evidence of the declarations of the witnesses Haynes and Toombs made to the arresting officers was prejudicial to the appellant and should not have been admitted in evidence and calls for a reversal.

The evidence of J. W. Ducker complained of in appellant's bill of exception No. 2 was withdrawn from the jury by the trial judge, and therefore not necessary to be considered.

The facts stated in appellant's bill of exception No. 1 and the trial judge's qualification thereon shows no reversible error.

For the error indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—State's counsel contends that the paragraph of the court's charge reading as follows: "You are charged that in this case the State relies for a conviction upon the transaction wherein the witness Joe Bailey Toombs testified that he went to the door of the defendant's house and purchased whisky from him and the witness Hollis Haynes remained in the car, *and you will not consider the other transactions introduced by the State for any purpose,*" had the effect of withdrawing from the consideration of the jury the proof of the declarations

of the witness Hackney in the absence of the appellant. As set forth in the original opinion, the paragraph of the court's charge quoted is regarded but information to the jury that the State had elected to rely upon the transaction described therein, and we think cannot be fairly interpreted as the withdrawal of the testimony improperly received, as shown by the original opinion.

The motion is overruled.

*Overruled.*