## GRAYSON v. RODERMUND.

### No. 8869.

Court of Civil Appeals of Texas. Austin.

Dec. 6, 1939.

W. C. McDonald, of Robert Lee, and D. I. Durham, of San Angelo, for appellant.

C. T. Dalton, of San Angelo, for appellee.

BAUGH, Justice.

Rodermund sued Grayson for $250 rent for 2½ months on premises in San Angelo belonging to Rodermund and occupied by Grayson after the expiration on March 1, 1938, of the latter's lease thereon. Grayson filed a cross-action and counter claim for damages on two counts: (1) $250 for repairs made by him on the building as

tenant pursuant to an agreement with Rodermund that he could deduct the cost of such repairs so made from the rentals due; and (2) $351.25 water damage to his stock of goods in said building resulting from leakage in the roof and other defects in the building which he had requested Rodermund to repair and which needed repairs Rodermund had failed and refused to make.

Rodermund excepted to both counts in the cross-action on the ground that a former judgment (not set out nor otherwise described than by style and cause number) in the same court between the same parties was res adjudicata of the claims so asserted by Grayson. This exception was by the court sustained, and upon refusal of Grayson to plead further, judgment was rendered in Rodermund's favor for $250; hence this appeal. No statement of facts accompanies the record.

The controlling issue is whether the trial court erred in sustaining the demurrer and striking out appellant's cross-action. We have concluded that it did.

It is not necessary to discuss the conditions and circumstances under which a former judgment constitutes res adjudicata of a cause of action asserted in a subsequent suit. The general principles are well established and treated at length in 26 Tex. Jur., p. 11, § 353 et seq. We are here primarily concerned with the question of how it must be pleaded. It is generally asserted as a bar or as an estoppel against the cause of action pleaded. In either case the defense must generally be specially pleaded and established by evidence; and not by demurrer to the plaintiff's pleadings. See 26 Tex.Jur., p. 328, § 503; 17 Tex.Jur., p. 146, § 16; and cases cited in support thereof. But where the plaintiff's petition shows upon its face that the cause of action asserted has already been formerly adjudicated the issue of res adjudicata may be raised by demurrer. Shook v. Shook, Tex. Civ.App., 145 S.W. 699, writ refused; 26 Tex.Jur., p. 330.

No such case is, however, here presented. The defendant's cross-action in nowise disclosed any former adjudication thereof. The plaintiff's demurrer thereto only recited that a judgment, giving the cause number, had formerly been rendered between the same parties in the same court. The demurrer itself in nowise discloses the terms of the judgment relied upon as res adjudicata. The appellant has brought up by bill of exception the former judgment relied upon. It affirmatively appears therefrom that it was rendered in a forcible entry and detainer suit rendered in the county court upon appeal thereto from the justice court, and upon instructions to the jury to find the defendant therein (Sam Grayson) guilty. That judgment does not disclose on what ground it was rendered; but manifestly on the ground that Grayson, the tenant, was holding over after expiration of his lease, and after demand of the landlord (Rodermund) that he vacate. This for the reason that in the instant case Rodermund alleged that he had rented said premises to Grayson for several months prior to March 1, 1938; and that the debt sued for herein was for occupation of the premises by Grayson after "his lease had expired."

Manifestly then, the judgment relied upon not only does not show upon its face to have been an adjudication of the appellant's cross-action; but does show that the claim asserted by appellant in his cross-action could not have been validly adjudicated in that suit. This for two reasons: (1) Because in a forcible entry and detainer suit, Arts. 3984 and 3986, R.C.S.1925, prescribe the only issue to be tried in such suit, and the character of judgment to be rendered therein. (2) Because the amount of the claims asserted in this cause are beyond the jurisdiction of the justice court where that suit originated; and on appeal, the county court could have acquired no jurisdiction thereof. The county court acquires no jurisdiction of a cause of action on appeal thereto from the justice court unless the justice court itself originally had jurisdiction. 26 Tex.Jur., § 80, p. 876.

In approving appellant's bills of exception herein, the trial judge undertook to state in his qualification thereof what the evidence on the forcible entry and detainer suit showed with reference to the character of rental contract Grayson had with Rodermund. And appellee also insists that the court was entitled to take judicial notice of proceedings had, the orders entered, and disposition made of the issues presented in the former suit. If it be conceded that the court was entitled to do so, such judicial notice could extend only to what was shown by the records of the trial of the prior suit. The court could not take cognizance of the evidence presented on the trial of such former suit, even between the same parties, and

180

render a judgment in the instant case based thereon. Scott v. Clark, Tex.Civ.App., 38 S.W.2d 382, 383; 26 Tex.Jur., p. 342, § 511.

Consequently, it is immaterial on what grounds the court, in the forcible entry and detainer suit, found the tenant guilty. The only issue there presented was the right of possession at the time in question. And the issue of damages to the tenant resulting from a breach by the landlord of a former rental contract could not have been adjudicated in that suit. It was, therefore, error for the trial court to sustain a demurrer to Grayson's cross-action in the instant case on the ground that same had been adjudicated in the former suit between the parties.

For the reasons stated, the judgment is reversed and the cause remanded.

Reversed and remanded.