James Peter ENTREKIN, Appellant,

v.

Diane Rohrer ENTREKIN, Appellee.

No. 14691.

Court of Civil Appeals of Texas.

Houston.

Jan. 6, 1966.

Louise C. Rowen, Galveston, for appellant.

WERLEIN, Justice.

This suit was brought by appellee, Diane Rohrer Entrekin, against James Peter Entrekin for divorce, division of community

property, and for custody and support of the minor child of said parties. On February 8, 1965, there was a hearing on appellant's application for modification of visitation rights previously granted appellant. At such hearing several witnesses testified, including appellant and appellee. Appellee testified with respect to certain conduct of appellant, and, among other things, testified that appellant on one occasion when he was visiting the child permitted her to play with a film cartridge box which he had taken from his pocket, and that when appellee undertook to grab the box appellant struck her, put the box in his pocket, and told her it was none of her business what the box was. She further testified that she did not feel it was safe for appellant to be with the child alone because he did not know how to care for a child and was quite impulsive and that she was afraid that he might injure the child, and further that he had on previous occasions threatened to do appellee physical harm. After such hearing, the court, on February 15, 1965, entered an order modifying appellant's visitation rights.

The record shows that the case was set for trial for February 23, 1965, and on such day counsel for appellant in open court moved that he be permitted to withdraw as counsel, which motion was granted. The cause was thereupon continued on motion of appellant to March 11, 1965 at 2 o'clock p. m. for trial on the merits. When the case was called, appellant in open court dismissed the cross-action which he had filed. The court thereupon, without hearing any evidence, granted appellee a divorce from appellant, gave appellee custody of the minor child, provided for child support and visitation rights, and ordered a division of the property of said parties.

The agreed statement of facts signed by the attorneys for the parties and by the trial judge clearly shows that no witnesses were sworn and no evidence whatever was received by the court in connection with the divorce proceeding. The court merely announced to appellant's counsel that during the hearing upon appellant's motion to modify the interlocutory order for child custody and visitation rights, he had heard all the testimony he desired to hear in the case. He further announced it was the judgment of the court that a divorce would be granted, and he instructed the attorneys to prepare a judgment granting appellee a divorce and containing the same provisions for visitation rights and custody as in the order of February 8, 1965, and for child support as per the agreement of the parties. Appellant duly excepted to the court's judgment which was entered May 20, 1965, and gave notice of appeal.

The record shows that the hearing on February 8, 1965, was for the sole purpose of determining whether or not there should be a modification of visitation rights previously granted appellant, pending the trial on its merits. The evidence adduced at such hearing was not given by either party except in such connection and for such purpose. It was not given in a trial of the divorce suit nor for the purpose of obtaining a divorce. There is nothing in the record to show what the evidence would have been had the court permitted the parties to proceed with the trial instead of announcing that he had heard all the testimony that he desired to hear. Article 4632, Vernon's Annotated Texas Statutes provides that a decree for divorce shall be rendered upon full and satisfactory evidence. In the instant case there was not only no full and satisfactory evidence, there was no evidence whatever and no trial on the merits.

Reversed and remanded for trial.