Robert Garry **ROUNSAVALL**, Appellant,

v.

The **STATE of Texas**, Appellee.

No. 44715.

Court of Criminal Appeals of Texas.

May 31, 1972.

---

Robert C. Sullivan, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Kenneth H. Crow and James R. Barlow, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DALLY, Commissioner.

The conviction was for the offense of burglary, enhanced under Article 63, Ver-non's Ann.P.C.; the punishment, assessed by the court, life imprisonment.

A summary of the facts is not necessary to the disposition of appellant's grounds of error and is therefore omitted.

■ The appellant's complaint that it was error to admit certain evidence at appellant's preliminary trial on the issue of insanity will not be considered, as this court has consistently refused to consider appeals from judgments rendered in preliminary trials on the issue of insanity. See Martin v. State, 475 S.W.2d 265 (Tex.Cr.App.1972); Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967); Pena v. State, 167 Tex.Cr.R. 406, 320 S.W.2d 355 (1959) and Ex parte Hodges, 166 Tex.Cr. R. 433, 314 S.W.2d 581 (1958).

The appellant complains that it was not proved that he was the same Robert Garry Rounsavall convicted of the offenses alleged for enhancement of punishment.

The record contains a portion of the transcription of the testimony of the preliminary trial on the issue of insanity. At that trial the State introduced the prison packet properly certified, showing the judgments of conviction, photographs, fingerprints and commitments in both of the convictions alleged for enhancement purposes. At the preliminary trial a fingerprint identification expert, who had compared the known fingerprints of the appellant with those certified in the prison packets, testified that the appellant was one and the same person.

■ The same judge presided at the preliminary trial on the issue of insanity and the trial on the burglary charge. As the appellant did not elect to have the jury assess his punishment, it was assessed by the court. In the punishment phase of the trial the same prison packets were remarked for identification purposes and offered in evidence. The court admitted the exhibits into evidence over the appellant's objection that the appellant was not shown

to be the same person convicted of such offenses. The court did not err in admitting the exhibits in the penalty stage of the proceedings, which had already been properly proved and admitted before the court in the preliminary trial on the issue of insanity. The court could consider for the purpose of enhancement of penalty the evidence regarding the identity of the appellant as the person convicted of the former offenses, admitted on the preliminary trial. See and compare Branch v. State, 445 S. W.2d 756 (Tex.Cr.App.1969) and Bridges v. State, 468 S.W.2d 451 (Tex.Cr.App. 1971).

However, we do not find the evidence in the record sufficient to support the enhancement allegations under the provisions of Article 63, V.A.P.C.

The indictment in this case alleges that the appellant was convicted of the offense of ·burglary in McLennan County on the 30th day of December, 1966, in Cause Number 15,923 and that prior to the *commission* of that offense he was convicted for the offense of burglary in McLennan County on the 12th day of December, 1963, in Cause Number 15,369.

There is no evidence in the record to show when the offense alleged in Cause Number 15,923 was *committed*.

■ This court has consistently held that to invoke the provisions of Article 63, V.A.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor.

The indictment must so allege and the averments of the indictment must be supported by proof. Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697 (1959); Rogers v. State, 169 Tex.Cr.R. 239, 333 S. W.2d 383 (1960); Lee v. State, 400 S.W. 2d 909 (Tex.Cr.App.1966); Jones v. State, 422 S.W.2d 183 (Tex.Cr.App.1967) and *cf.* Villareal v. State, 468 S.W.2d 837 (Tex. Cr.App.1971).

■ The evidence proves that the appellant was convicted of both offenses of burglary in Causes 15,923 and 15,369, prior to the date he was *proved* to have *committed* the primary offense alleged in this case. This proof will sustain a conviction for a subsequent offense of the same nature under the provisions of Article 62, V.A.P.C. The punishment provided by law is twelve years imprisonment.

The judgment and sentence are therefore reformed to provide for appellant's confinement in the Texas Department of Corrections for a period of twelve years. See Lee v. State, *supra* and Hamilton v. State, 397 S.W.2d 225 (Tex.Cr.App.1965).

The judgment, as reformed, is affirmed.

Opinion approved by the court.

DOUGLAS, Judge (concurring).

The record reflects that the Honorable Carl Anderson, the same judge who tried the case, conducted the sanity hearing. He submitted the charge on the sanity issue on November 17, 1970, and the charge to the jury on the trial on the merits the following day.

After the jury found the appellant guilty, the same judge assessed the punishment.

The exhibits consisting of the prison packets which included the judgments, sentences, photographs and fingerprints of the appellant were introduced formally before Judge Anderson at the penalty stage of the trial.

The judge entered "Findings of Fact and Conclusions of Law" and found that the State offered into evidence at the penalty stage of the trial the same exhibits that were offered at the sanity hearing. He found, "[s]aid exhibits were offered before the same court in the same proceedings," and based thereon, he found that Rounsavall was the person previously con-

victed as alleged in the indictment.[1] There is no express statement in the findings and conclusions that the trial judge was exclusively basing his findings on other testimony without reference to testimony offered at another hearing. The judge set out the proceedings of the sanity hearing and then made his findings. It appears that this is certainly a reference to that proceeding.

The judge had before him the same judgments, the same sentences, the same photographs, the same fingerprints and the same man who had been found sane the day before, yet the dissent would reverse the penalty phase of the trial for further proceedings because the fingerprint examiner did not testify the second time that the fingerprints in the exhibits were those of Rounsavall.

It appears that the dissent would hold that the trial court could not know that the same man was before him the day after the sanity hearing.

This Court had before it a somewhat analogous situation in Bridges v. State, 468 S.W.2d 451. There it was contended that the court erred in cumulating sentences against Bridges because no proof was offered that he was the person previously convicted. The sentence in that case was imposed April 20, 1970, in Randall County. The trial court cumulated that sentence with one that was pronounced in Potter County on April 14, 1970, without any proof that he was the person previously convicted.

This Court, in an opinion by Presiding Judge Onion, unanimously held that no proof was required that Bridges was the same person previously convicted. That opinion recited that the sentences were im-

posed some six days apart by the same judge during the same term of court. There the Court cited the rule:

" 'In criminal cases, the trial court may notice judicially its own records and proceedings, and all judgments entered by the court. Thus, the court may, and indeed should, take judicial notice of the fact that the defendant or a witness has previously been convicted by the court.' 23 Tex.Jur.2d, Evidence, Sec. 27, pp. 47–48."

In the present case there is less chance of mistaken identity because the hearings were under the same cause number, in the same court in a two-day period with the same judge presiding. In my opinion, there is no logical reason to apply a different rule in the present situation, especially where we have exhibits containing photographs of the appellant before the trial judge who saw these exhibits which were introduced one day before the trial on the merits. In the Bridges case there were no such exhibits or proof before the trial judge or this Court on appeal.

This does not involve another trial such as was the case in Scott v. Clark, Tex.Civ.App., 38 S.W.2d 382, and in Grayson v. Rodermund, Tex.Civ.App., 135 S.W.2d 178, cited in the dissent. In Entrekin v. Entrekin, Tex.Civ.App., 398 S.W.2d 139, also cited in the dissent, a different issue was involved at each hearing, i. e. child custody and divorce. In the present case there was a different ultimate issue at each hearing, but the only issue that the testimony of the fingerprint examiner could be used for was the identity of the person previously convicted.

We should and have followed the reasoning in the Bridges case.

1. The pertinent findings of the trial judge concerning the basis for his conclusion are, in part, as follows: "[i]n a hearing involving the defendant, said hearing being for the purpose of determining the present sanity of the defendant, since said exhibits were offered before the same Court in the same proceedings, expect (sic) upon the sanity issue, the Court admitted the said exhibits and based thereon found that the defendant was one and the same individual who had two times before been convicted of a felony offense, less than capital, as alleged in Count 2 of the indictment; . . . ."

The dissent would apparently fear that the failure to require additional proof of identity in the present case might be construed as a precedent that no proof of identity will be required if the same judge presides at another trial months or perhaps a year later. We do not have that situation here. Any such question can be answered when that fact situation is before this Court.

In Branch v. State, Tex.Cr.App., 445 S.W.2d 756, there was a two-stage trial. It was proved at the guilt-innocence stage that Branch was the person previously convicted. He was not identified as the person previously convicted at the penalty stage, but the prison record including photographs and fingerprints were introduced. The Court held that the evidence used at the guilt stage could be considered by the jury at the second or penalty stage of the trial. Generally, prior convictions can be introduced at the guilt stage of the trial for impeachment purposes, but they also serve as proof at the penalty stage for identification for the purpose of enhancement.

With these additional reasons, I concur with the original opinion affirming this cause.

ONION, Presiding Judge (dissenting).

The repetition of offense statutes create no new offense but merely authorize increased punishment to be affixed to the subsequent conviction provided the prior convictions are alleged and proven. These provisions are reformatory in nature and must be strictly construed. Garcia v. State, 140 Tex.Cr.R. 340, 145 S.W.2d 180 (1940); Ex parte Davis, 412 S.W.2d 46 (Tex.Cr.App.1967).

It is well established that when prior convictions are alleged for enhancement the burden of proof at the trial is upon the

State beyond a reasonable doubt as to those allegations.

In the instant case, the majority writes into Texas decisional law a broad and dangerous rule adding another example of "a bad case makes bad law."

The majority holds that where the State fails to sufficiently prove at the penalty stage of the bifurcated trial (where the judge is the trier of the facts) that the accused is one and the same person so previously convicted as alleged in the indictment, the deficiencies in proof may be overcome by reference back to testimony offered at a preliminary sanity hearing before a jury (other than the trial jury) where the same judge presided. The majority persists in such holding despite the fact that it clearly would be inapplicable where the trial jury was the trier of the facts at the penalty stage of the trial and where, as in the instant case, the trial judge expressly stated, in writing, that he was basing his findings on other evidence without reference to testimony offered at another hearing.

The *sole* authority offered by the majority for its unique position is, "See and compare Branch v. State, 445 S.W.2d 756 (Tex.Cr.App.1969) and Bridges v. State, 468 S.W.2d 451 (Tex.Cr.App.1971)." Both of these decisions were written by this writer and do not involve the same fact situation or legal question presented, and are clearly distinguishable as shall be hereinafter noted.

Following the trial jury's verdict at the guilty stage, the penalty stage of the trial was conducted before the trial judge in the instant case. Upon the enhancement portion of the indictment being read, the appellant entered a plea of "not guilty."[1] Thereafter, the State offered into evidence the "prison packets" concerning two convictions. Without calling any witnesses or

---

1. It has been said that the more appropriate plea would be "untrue" or "true", as the case may be. Davis v. State, 429 S.W.2d 895 (Tex.Cr.App.1968); Baker v. State, 437 S.W.2d 825, 828 (Tex.Cr.App.1969) (concurring opinion).

laying any predicate, the State then simply offered a separate *uncertified* card "which is the fingerprint card that Marvin Horton testified from at the prior hearing also, which I am sure Mr. Jones has the same objection." The appellant did object to the introduction of all of these exhibits on the ground that the State had failed to prove he was the person so previously convicted as alleged in the indictment. The objection was overruled and the exhibits admitted. Without offering other evidence, the State rested. The appellant offered no evidence. The court then imposed the punishment of life imprisonment under Article 63, supra.

There are many ways that proof that an accused is the same person so previously convicted as alleged can be supplied. See Brumfield v. State, 445 S.W.2d 732, 740 (Tex.Cr.App.1969). In the instant case, the State chose to supply it by certified copies of the judgments and sentences and records of the Texas Department of Corrections including fingerprints of the appellant. This procedure is acceptable provided it is supported by independent expert testimony identifying the included fingerprints as being identical with known prints of the accused. Vessels v. State, 432 S.W.2d 108, 117 (Tex.Cr.App.1968); 1 Branch's Ann.P.C.2d ed. § 699, p. 684. Such procedure has been approved by this court since it complies with the provisions of Art. 3731a, Vernon's Ann.Civ.St. See Broussard v. State, 363 S.W.2d 143 (Tex. Cr.App.1963); Spencer v. State, 164 Tex. Cr.R. 464, 300 S.W.2d 950 (1957); Vessels v. State, supra.

This procedure is frequently used by the prosecution to prove prior convictions alleged for enhancement under Arts. 62 and 63, supra, etc., as well as an accused's "prior criminal record." See Art. 37.07, Vernon's Ann.C.C.P.; Denham v. State, 428 S.W.2d 814 (Tex.Cr.App.1968).

In the instant case, the prosecution offered the prison packets but did not offer the testimony of an expert witness that the fingerprints were identical with known prints of the appellant. An uncertified card, not admissible under Art. 3731a, supra, was offered as a card used by the witness Horton at a prior hearing. No one named Horton testified at any stage of the trial so reference was obviously to some other proceeding than the trial on the merits.

Vessels v. State, supra, made clear the mere introduction of the certified prison packet over timely objection that the same was not sufficient standing alone to identify the defendant as the person so previously convicted and was reversible error where the State made no effort to go further and show by independent testimony that the defendant was the identical person convicted under each of the judgments and sentences.

Cain v. State, 468 S.W.2d 856 (Tex.Cr. App.1971) also presented a problem somewhat similar to that in the case at bar. There, in attempting to prove up prior convictions before the jury as a part of Cain's "prior criminal record" as authorized by Art. 37.07, supra, the State offered the certified prison packets, jury waivers, stipulations of evidence, all relating to the prior convictions. In addition, the State, without expert testimony, introduced Cain's written motion to have the jury assess punishment in the case being tried so that the jury could compare his signature thereon with the signature on the jury waivers and written stipulations offered to prove prior convictions. The State relied upon the provisions of Art. 38.27, Vernon's Ann.C.C.P. This court was not impressed and reversed saying

" . . . where handwriting samples are introduced without expert testimony and the jury alone must make the comparison, and there is no other evidence to connect the appellant with the prior convictions, such identity has not been sufficiently established." 468 S.W.2d at 859.

*Cain* would appear to control the proper disposition of the instant case and it cannot be distinguished by simply noting that the hearing on punishment was before the jury, not the judge, and the proof was offered to prove "prior criminal record" not convictions alleged in the indictment for enhancement.

In the instant case, the State had the burden of proof at the trial on the merits as to the allegations in the indictment concerning prior convictions. Clearly, the State did not discharge its burden at the trial on the merits. If the hearing on punishment had been conducted before the trial jury, then the evidence would have been insufficient and would call for a reversal. The State argues, however, that the trial judge was the trier of the facts at the hearing on punishment and that although there was no independent expert fingerprint testimony or other evidence to support the prison packets, the trial judge could have taken personal knowledge of the testimony of the expert witness offered at the separate sanity trial before another jury where the same judge presided.

The State calls attention to a portion of a transcription of the court reporter's notes from a separate sanity hearing made a part of this record which reflects that a Marvin Horton testified at such hearing that a fingerprint card bearing known prints of the appellant were identical with fingerprints in certain prison packets.[2] It appears to be the State's position that the trial judge could have considered such testimony introduced for a limited purpose at the sanity hearing to supply the missing evidence at the hearing on punishment.

First of all, it would appear that the trial judge did not take into consideration any personal knowledge, for after the trial, he filed an instrument entitled "Findings of Fact and Conclusions", in which he stated he based his decision only on the prison packets and the uncertified fingerprint card. This seemingly refutes the position taken by the State.

Second, it is also clear that a distinction must be made between judicial notice and personal knowledge of the judge.

". . . [I]t is well settled that the scope of the exercise of the function of judicial notice is not coextensive with the personal knowledge of the individual judge. . . . The judge may personally know a fact of which he cannot take judicial notice. . . . If the judge has personal knowledge of a fact not judicially known the proper way to make use of it is for him to take the stand as a witness and testify to what he knows. . . ." Texas Practice, 1 McCormick & Ray 2nd Ed. Evidence § 152, p. 172.

See also Jackson v. State, 70 Tex.Cr.R. 582, 157 S.W. 1196 (1913), and Lerma v. State, 81 Tex.Cr.R. 109, 194 S.W. 167 (1917).

Further, we note that in Scott v. Clark, 38 S.W.2d 382 (Tex.Civ.App.—Austin, 1931), it was held that while a court may take judicial notice of its own orders in a previous hearing between the same parties on the same subject, the court cannot take judicial notice of the testimony heard before him on another trial and enter independent judgment thereon.

The same result was reached in Grayson v. Rodermund, 135 S.W.2d 178 (Tex.Civ. App.—Austin, 1939), where the court held that it cannot take cognizance of evidence

---

2. This is really appellant's first ground of error discussed in the majority's opinion. He complains that at the separate sanity hearing, the State offered into evidence his prior convictions, over objection, for the limited purpose of showing that he had been convicted before and had never contended he was mentally incompetent to stand trial. He claims that such was done to prejudice him before the jury at such hearing and such evidence actually had no bearing on his present competency to stand trial. After his objection was overruled, there was no effort made to indicate to the appellant that this would be the only time he would be confronted by the witness or have an opportunity to cross examine him.

presented on trial of a former suit even between the same parties and render judgment in the instant case based thereon.

We know of no reason why this rule applied in civil cases is not equally applicable to criminal cases where a higher standard of proof prevails.

In Entrekin v. Entrekin, 398 S.W.2d 139 (Tex.Civ.App.—Houston, 1966), the court held that where evidence adduced at the hearing was not given by either party except in connection with modification of the order of child visitation rights and there was no evidence offered with respect to the divorce at the time of the trial on the merits, entry of judgment based on earlier testimony was held improper. The earlier hearing concerning child visitation rights produced evidence of a marital discord and the trial judge announced at that time he had heard all testimony he desired to hear in the case, and subsequently entered the divorce decree without other evidence.

In the instant case, much as in *Entrekin,* the evidence relied upon by appellee [State] was given at a preliminary hearing which was for the sole purpose of determining the sanity of the appellant. The evidence adduced at such hearing was not given by either party except in such connection and for such purpose. We conclude that the State cannot supply the deficiency in the evidence at the trial on the merits and, thus, sustain its burden of proof by attempting to rely upon testimony given under these circumstances by mere reference thereto on appeal.

In Branch v. State, 445 S.W.2d 756 (Tex.Cr.App.1969), the defendant, testifying at the guilt stage of the trial, admitted both prior convictions alleged. Still further, a stipulation was entered that the second prior conviction alleged was for an offense committed after the first alleged prior conviction became a final conviction. At the hearing on punishment before the jury, the State introduced the certified prison packets only. There, we held that "under these circumstances" evidence offered at the guilt stage of the trial on the merits before the same jury could be considered in determining the issues involved at the penalty stage of the trial. This court, of course, has previously held that any defect in the record proof of the alleged prior convictions is cured by the defendant's testimony that he had been so formerly convicted. In the instant case, the appellant did not testify. Further, the evidence relied upon by the State was not offered at the trial on the merits, but was offered before a jury at a separate sanity hearing.

Bridges v. State, 468 S.W.2d 451 (Tex. Cr.App.1971), is also clearly distinguishable from the case at bar. *Bridges* involved an order of cumulation of sentences (to which no objection was addressed), not prior convictions alleged in the indictment for enhancement where the burden of proof was cast upon the State. There, the court found that the rule relied upon by *Bridges* (requiring proof of defendant's identity as the person so previously convicted) had no application where the cumulated sentences were imposed during the same term of court by the same judge. In passing upon *Bridges'* further contention that the rule should, however, be applied where cumulated sentences were imposed in different counties of the same judicial district, this court observed that a court may notice judicially its own records and proceedings. It did not state that a judge may take personal knowledge of testimony offered at some prior proceeding. In *Bridges,* there was no such testimony. *Bridges* is not authority for affirming the action taken in this case.

Even if the prosecutor in the instant case had gone further than he did and offered the testimony of witness Horton, over objection, it would not have been admissible in absence of a proper predicate as to the unavailability of the witness. See Article 39.01, Vernon's Ann.C.C.P.; 1 Branch's Ann.P.C.2d Ed. §§ 98 & 99, pp. 110–112; Cumpston v. State, 155 Tex.Cr.R. 385, 235 S.W.2d 446 (1951). *Cf.* White-

head v. State, 450 S.W.2d 72 (Tex.Cr. App.1969). Here the right of confrontation was clearly involved. See Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923; Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255; Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508. The majority sidesteps all of this.

For the reasons stated, I simply cannot agree with the majority's conclusion that the "court could consider for the purpose of enhancement of penalty the evidence regarding the identity of the appellant as the person convicted of the former offenses, admitted on the preliminary trial."

I do agree, however, with the majority that the State failed to prove that each succeeding conviction was subsequent both in point of time of the commission of the offense and the conviction therefor.

ODOM, J., joins in this dissent.