**Jude Walter BROUSSARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 63924.

Court of Criminal Appeals of Texas, En Banc.

May 21, 1980.

Carlton A. Getty, La Marque, for appellant.

James F. Hury, Jr., Dist. Atty., David P. Walker, Asst. Dist. Atty., Galveston, and Robert Huttash, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was on probation after being found guilty of burglary. The conditions of his probation required that he commit no offense against the laws of this state. The State alleged that, while on probation, the appellant committed the offenses of aggravated robbery and delivery

of a controlled substance, methamphetamine. As proof, the trial judge took notice of the evidence which he heard while he was presiding over the appellant's trials for those offenses. Finding that the allegations were true, the trial court revoked probation and imposed the sentence of confinement for a term of two to five years. From that action this appeal is taken.[1]

The only ground of error on appeal is that the evidence was insufficient. It is sufficient evidence, to support a probation revocation, that the judge took notice of the evidence that was introduced at a probationer's trial before the same judge. *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr. App.1973). The appellate records of those trials are before us for review; see *Bradley v. State*, 564 S.W.2d 727, 732 (Tex.Cr.App. 1978).

The appellant did not object below to the judge's taking judicial notice. His complaints about the propriety of such judicial notice, which are discussed in the dissenting opinion, were raised for the first time on appeal. They come too late and their merits are not before us.

No contention has been made at the hearing or on appeal that the appellant was denied assistance of counsel.

The evidence was sufficient. The judgment is affirmed.

CLINTON, Judge, concurring.

In *McDonald v. State* (Tex.Cr.App., No. 61,189, delivered April 23, 1980) I presented some scores of "the Barrientez-Bradley theme of a new form of judicial notice" in note 4 to demonstrate an unevenness in its actual production, and in note 12 took pains to point out that I am not yet a fan. Still not subscribing to the concept, I join the opinion of the Court since it declines to address the merits of the matter because appellant here, unlike McDonald, did not object to the procedure.

ONION, Presiding Judge, dissenting.

This is an appeal from an order revoking probation. On December 20, 1977, the appellant entered a guilty plea in a bench trial to burglary of a building as charged in the indictment. His punishment was assessed at five (5) years' imprisonment, but the imposition of sentence was suspended and the appellant was placed on probation subject to certain conditions, including "(1) Commit no offense against the laws of the State of Texas or of any other State, or of the United States."

On April 30, 1979, the State filed a motion to revoke probation alleging the appellant on or about March 11, 1978 delivered a controlled substance, to-wit: methamphetamine to Kenneth Ariola, and that on or about March 29, 1978, during the course of a robbery, he caused bodily injury to Lawrence Mathis by shooting Mathis with a firearm.

On May 2, 1979, the court conducted a hearing on said revocation motion at the conclusion of which the court revoked probation on the grounds alleged. Sentence was imposed and notice of appeal was given.

On appeal the appellant urges that the court abused its discretion in revoking probation in that the evidence, if any, was insufficient to support the order of revocation.

We are faced once again with a *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App. 1973), "judicial notice" question in revocation proceedings. After the appellant pleaded "not true" to the allegations in the revocation motion, the State offered no evidence but simply asked the trial judge to take judicial notice of "proceedings" in the 56th District Court, No. 34,880, in a trial before said judge and a jury in which judge and jury heard Kenneth Ariola testify that "on or about the 11th day of March, 1978" the defendant in that case, Jude Walter Broussard, knowingly and intentionally de-

1. This was a panel submission which was referred to an en banc court.

livered to him methamphetamine. The State further asked the trial court to take judicial notice that Broussard testified in such trial that on December 20, 1977 he had been convicted of burglary of a building and had been granted probation. Still further, the State asked the trial judge to take judicial notice in Cause No. 34,944 the testimony before said judge and jury was to the effect that in the course of robbery the defendant Broussard caused bodily injury to Lawrence Mathis by shooting him with a firearm.

The trial judge then stated that he presided over both trials, and that based "upon the court's knowledge of the evidence that was adduced in each of the foregoing trials" [1] the appellant's probation would be revoked.

The appellate record contains no testimony from the trial court case numbers mentioned and there is nothing for us to determine if the evidence of which the trial judge took "judicial notice" is sufficient to support the revocation of probation, and nothing to show that the attorney representing the appellant at the revocation hearing was also the attorney at the two prior trials so as to be familiar with the testimony of which "judicial notice" was requested.[2]

The State admits that it did not call witnesses, offer evidence, stipulations, an agreed statement of facts, etc., and that there is nothing in this record to show this court on appeal that the evidence is sufficient to justify the revocation but suggests that this court should root through the appellate records of the two prior trials now in this court to see if the "judicial notice" was not sufficient to justify revocation, citing Bradley v. State, 564 S.W.2d 727 (Tex. Cr.App.1978). The State also insists it need

not show that the attorneys were the same at the prior trial and the revocation under the Barrientez rule of "judicial notice."

In Barrientez v. State, supra, the majority extended the rule of judicial notice by permitting a trial judge in a revocation of probation hearing to take "judicial notice" of testimony offered at a prior trial over which the same judge presided.

The rule adopted in Barrientez was contrary to the longstanding rule that a trial judge may take judicial notice of its previous orders, records, etc., but he cannot take judicial notice of testimony heard before him on another trial and enter independent judgment thereon. Scott v. Clark, 38 S.W.2d 382 (Tex.Civ.App.—Austin, 1931); Grayson v. Rodermund, 135 S.W.2d 178 (Tex.Civ.App.—Austin, 1939); Entrekin v. Entrekin, 398 S.W.2d 139 (Tex.Civ.App.—Houston, 1966); Ex parte Turner, 478 S.W.2d 256 (Tex.Civ.App.—Houston [1st Dist.] 1972), no writ history.

". . . [i]t is well settled that the scope of the exercise of the function of judicial notice is not coextensive with the personal knowledge of the individual judge . . . The judge may personally know a fact of which he cannot take judicial notice . . . If the judge has personal knowledge of a fact not judicially known the proper way to make use of it is for him to take the stand as a witness and testify to what he knows . . ." Texas Practice, 1 McCormick & Ray, 2nd Ed., Evidence, § 152, p. 1972. See also Jackson v. State, 70 Tex.Cr.R. 582, 157 S.W. 1196 (1913); Lerma v. State, 81 Tex.Cr.R. 109, 194 S.W. 167 (1917).

Thus the "judicial notice" in Barrientez is not judicial notice at all. Further, the State's position that if it did not present sufficient evidence in the instant case to

1. It is noted that the trial judge by his statement took "judicial notice" of more than he was requested to take "judicial notice."

2. It is difficult to understand how different counsel at a revocation proceeding may be rendering effective assistance of counsel when he

is not familiar with the testimony offered at a prior trial at which he was not counsel but of which the trial court is taking "judicial notice" as requested by the State which may render inadmissible testimony admitted without objection at the prior trial.

sustain its burden of proof, this court can root around in appeals of other cases to which reference is made and see if proof there isn't adequate to sustain the revocation is erroneous. It is not proper for this court to look to another appellate record to supply any deficiency in the proof of another case under consideration on appeal. See 1 McCormick & Ray, Texas Law of Evidence, § 186, p. 207 (2nd Ed. 1956); *Cain v. State*, 468 S.W.2d 856, 861 (Tex.Cr.App. 1971) (an opinion by Judge Roberts). To the extent that *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App.1978), is in conflict, it should be overruled.

Further, the State in asserting that the same attorney need not be present at all proceedings for the *Barrientez* rule of "judicial notice" to be applied is wrong.

While *Barrientez* itself did not make plain whether defense counsel should also be the same at both the prior trial and the revocation hearing for the extension of the rule to apply, later cases have made clear that counsel should be the same. *Stephenson v. State*, 500 S.W.2d 855 (Tex.Cr.App. 1973); *O'Hern v. State*, 527 S.W.2d 568 (Tex.Cr.App.1975) (Concurring Opinion); *Green v. State*, 528 S.W.2d 617 (Tex.Cr.App. 1975) (Concurring Opinion). Under any circumstances, the defense counsel was the same at both hearings in *Barrientez, Stephenson, O'Hern* and *Green*. It is observed that Judge Roberts, the author of the *Barrientez* opinion, concurred in *Green* with the following comments:

"I concur in the result reached in this case. Although it does not appear from the record that counsel at the revocation hearing was the same as counsel at the trial of the aggravated robbery charge, such fact was admitted by the parties at oral argument. The requirements of *Barrientez v. State*, 500 S.W.2d 474 (Tex. Cr.App.1973), for the introduction of this testimony are thus satisfied." [3]

The majority is in error in following the State's suggestion that it review the records on appeal of the convictions for robbery and delivery of a controlled substance. And is further in error, if those records are available for review, in not passing on appellant's contention that the evidence is not sufficient to support the revocation of probation. Further, the majority makes no mention as to whether appellant's attorney at the revocation hearing was his attorney at the two trials mentioned.

Since the appellate record is devoid of any proper evidence to support the revocation of probation, and since it is not proper for this court to resort to other appellate records in other cases to see if proof there might support the revocation, and since there is no showing that the attorney for the appellant was the same at the prior trials as at the revocation hearing, I would reverse the judgment.

TOM G. DAVIS, J., joins in this dissent.

DALLY, Judge, dissenting.

I join in the dissenting opinion of Presiding Judge Onion. In *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App.1978), in my concurring opinion, I stated that I did not believe the testimony of another proceeding is a proper subject of judicial knowledge. I concurred in the abatement of the appeal and with the majority in *Bradley v. State*, supra, because the parties had relied upon former decisions of this Court.

I reiterate my suggestion of a procedure that would avoid the problems raised in this appeal. When a defendant has been indicted and the same offense is also alleged as a ground for revoking probation, the court should announce prior to trial on the indictment that it will consider the same evidence as a ground for revocation of probation. See, for example, *Rodriquez v. State*, 552 S.W.2d 451 (Tex.Cr.App.1977), in which the procedure suggested was used.

**3.** Such concurring opinion was necessary because the majority opinion in *Green* simply ignored the question of whether the same counsel was involved in applying the *Barrientez* rule.