**Nathan Morrell ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09 82 044 CR.

Court of Appeals of Texas,
Beaumont.

March 23, 1983.

Discretionary Review Refused
July 20, 1983.

James DeLee, Nederland, for appellant.

R.W. Fisher, Asst. Criminal Dist. Atty.,
Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant pled guilty to the charge of felony theft on May 2, 1980, and was placed on probation for a term of three years and fined $2,500. On July 28, 1981, appellant was found guilty by a jury of delivery of marijuana and thereafter sentenced to six (6) years in the Texas Department of Corrections. On November 3, 1981, a hearing for revocation of probation was conducted before the same judge who tried the delivery of marijuana case. No evidence of the delivery of marijuana conviction was presented; the court sua sponte took judicial notice of this prior conviction, revoked the probation, assessed punishment at three (3) years in the Texas Department of Corrections and cumulated the sentence with the six (6) years he had previously assessed appellant in the delivery of marijuana case. From this, appellant perfects this appeal to this court. Appellant's grounds of error relate to the court's action in taking judicial notice of the prior conviction, and as he has done in his brief, they will be discussed together in this opinion.

In *Barrientez v. State,* 500 S.W.2d 474, 475 (Tex.Cr.App.1973), the court wrote:

"Certainly, Judge Walker could take judicial notice of the evidence introduced in that prior proceeding. Are we to pretend that this judge was not present at the murder trial, and force the State to reproduce the same witnesses? We think not. Such a requirement would place an unreasonable burden upon the State."

And in *Bradley v. State,* 564 S.W.2d 727, 729 (Tex.Cr.App.1978), the court wrote: "Those cases [cited therein including *Barrientez v. State, supra*] are authority for a court to take judicial notice at a hearing to revoke probation of the evidence heard in a prior criminal trial of the probationer." We believe the rule would be the same whether the court took judicial notice sua sponte, or from request by the State. Furthermore, appellant made no objection below, and thus waived it. See *Broussard v. State,* 598 S.W.2d 873 (Tex.Cr.App.1980). Appellant's grounds of error are overruled.

The judgment of the trial court is affirmed.