In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-393 CR


 ______________________


 

ROBERT DENNON HUGGINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 04-06-04197 CR






MEMORANDUM OPINION
 

 Robert Dennon Huggins appeals his conviction and forty-five year sentence. Charged
with David Derrick South and Earl Floyd Randall, Jr. on an indictment for capital murder,
Huggins waived his right to a jury and pled guilty to aggravated kidnapping. (1) In two issues,
Huggins contends the trial court erred in permitting the State to treat a witness as hostile and
in considering a videotape that was not admitted into evidence. We affirm.

 The State called Jacob Willhoite as a witness in punishment. When the offense
occurred in 2004, Willhoite worked for the appellant. Willhoite was present during the
encounter between Huggins and the victim, participated in restraining the victim, and
testified under a grant of immunity. Willhoite expressed difficulty recalling relevant facts
and answered several questions with gestures rather than spoken response. The trial court
granted leave to treat Willhoite as a hostile witness and impeach him with his prior statement.

 Huggins contends the trial court erred in allowing the State to treat Willhoite as a
hostile witness and argues the trial court's ruling provided an improper opportunity for the
State to ask leading questions and to impeach their witness with a prior statement. Citing
Goodman v. State and other cases that pre-date the Rules of Evidence, Huggins contends the
trial court erred in allowing the State to impeach its own witness in the absence of a showing
of surprise and injury. See Goodman v. State, 665 S.W.2d 788, 791 (Tex. Crim. App. 1984). 
 The Rules of Evidence abrogated the common law voucher rule. Russeau v. State,
785 S.W.2d 387, 390 (Tex. Crim. App. 1990). "The credibility of a witness may be attacked
by any party, including the party calling the witness." Tex. R. Evid. 607. The Rules of
Evidence continued the common law rule that permitted leading questions in the trial court's
discretion. Wyatt v. State, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000)."When a party calls a
hostile witness, an adverse party, or a witness identified with an adverse party, interrogation
may be by leading questions." Tex. R. Evid. 611(c). We overrule issue one.

 In his second issue, Huggins contends the trial court erred in considering a videotape
that was not admitted into evidence. Before calling a Texas Ranger to testify about his
interview with Huggins, the prosecutor mentioned that a second witness would be called to
testify about "the tape" and informed the court that the tape had been redacted in response
to a memorandum by defense counsel. The trial court asked the purpose of admitting the
tape and told the parties, "I've seen the whole tape. Is it for me?" The prosecutor asked to
approach, and the court stated, "I mean, I've watched every second of it. I missed nothing."
Then the parties, expressly and without objection, went off the record. When the record
resumed, the Ranger testified about the details of the interview, but the second witness was
not called by the State and the tape was neither published to the Court nor admitted into
evidence. At one point, the prosecutor stated to the witness, without objection, that the judge
had seen the tape. On cross-examination, defense counsel asked the witness if Huggins's
admission that the co-defendants brought him the victim's ear appeared on the tape, but other
than the affirmative answer to defense counsel's question, the witness confined his testimony
to his interview with the appellant. 

 On appeal, Huggins contends the trial court improperly took judicial notice of the
videotape. See Tex. R. Evid. 201. The record in this case does not establish a claim that the
trial court considered the contents of the videotape in determining the appellant's
punishment, although appellant's counsel argued to the trial court that "because the Court has
seen the interrogation of Mr. Huggins, [ ] I think the Court will understand from that, from
what the Court has seen, is that there is truly true remorse[.]" The trial court evidently
recalled the tape from an earlier proceeding, perhaps at the trial of a co-defendant. At most,
the record establishes that the trial court wanted to know if the State was going to offer the
videotape in Huggins's trial. The State did not do so. The defendant neither objected when
the prosecutor referred to the tape that was not in evidence nor offered the tape. Huggins did
not object to the witness's testimony regarding statements made by Huggins during the
interview that is apparently depicted on the videotape. (2) Generally, as a prerequisite to
presenting a complaint for review, the record must show that the appellant made his
complaint to the trial court. Tex. R. App. P. 33.1(a); see also Broussard v. State, 598 S.W.2d
873, 874 (Tex. Crim. App. 1980). 

 If the parties dispute whether a particular item of evidence was before the trial court
at the time of its ruling, we may submit the dispute to the trial court for resolution. Amador
v. State, 221 S.W.3d 666, 676-77 (Tex. Crim. App. 2007). In this case, there is no dispute
about what the parties presented to the trial court during the trial. The videotape was not
displayed to the trial court and no part of the videotape was admitted into evidence. 
Although the parties went off the record for a reason not apparent from the record, Huggins
did not object to the procedure employed by the trial court. If the trial court took judicial
notice off the record, Huggins was required to object on the record in order to preserve error
for review. See McQueen v. State, 984 S.W.2d 712, 715 (Tex. App.--Texarkana 1998, no
pet.); Wallace v. State, 822 S.W.2d 290, 293 (Tex. App.--Houston [1st Dist.] 1991, pet.
ref'd). We overrule issue two and affirm the judgment.

 AFFIRMED.

 

 

 DAVID GAULTNEY

 Justice


Submitted on August 23, 2007

Opinion Delivered September 12, 2007 

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. A jury convicted Randall of capital murder in a separate trial. See Randall v. State,
No. 09-06-198 CR, 2007 WL 2127227 (Tex. App.--Beaumont July 25, 2007, no pet. h.)(not
yet reported). 
2. The witness testified that in the course of the interview, Huggins admitted that the
victim had taken money Huggins had given him to purchase narcotics, that Huggins pressed
a gun against the victim's forehead, that the victim was bound and assaulted by several
people, that the victim was taken from Huggins's tattoo parlor by two people who were
working for Huggins, and that Huggins burned some of the victim's personal identification
items.