**AFFIRM; and Opinion Filed August 20, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00942-CR

**STEVEN LEE GORDON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

### On Appeal from the 219th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 219-82365-2012

## MEMORANDUM OPINION
Before Justices Francis, Brown, and Stoddart
Opinion by Justice Brown

Steven Gordon appeals the trial court's judgment adjudicating him guilty of prescription fraud, revoking his community supervision, and sentencing him to ten years in prison. In a single issue, he contends the trial court abused its discretion in finding true the allegation that he committed solicitation of capital murder because there was legally insufficient evidence to support such a finding. We affirm.

In March 2013, appellant pleaded guilty to prescription fraud. As part of a plea bargain, the trial court accepted appellant's plea but deferred a finding of guilty and placed appellant on community supervision for three years. Two months later, the State filed a Petition to Enter Final Adjudication of Defendant's Guilt. Among other things, the petition alleged appellant had committed solicitation of capital murder.

A hearing on the State's motion was held one month after the jury convicted appellant of the solicitation of capital murder charge. The same judge presided over both the trial and revocation proceeding, and appellant was represented by the same counsel at both proceedings. At the hearing, appellant pleaded not true to the State's allegation. As evidence of the violation, the prosecutor asked the trial judge to take judicial notice of the earlier proceeding in which appellant was convicted of solicitation of capital murder. The State noted the judge had presided over the proceedings, appellant had testified during the trial, and appellant had been convicted of the new offense. The trial judge agreed to take judicial notice, and appellant did not object. Thereafter, the judge found the allegation true, adjudicated appellant guilty, and assessed punishment.

On appeal, appellant complains there is insufficient evidence to support revocation of his community supervision because the trial court revoked him based solely on the taking of judicial notice of facts heard in a prior proceeding, which he contends is improper.

We review an appeal from a revocation of community supervision under an abuse of discretion standard. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court abuses its discretion in revoking community supervision if the State fails to prove by a preponderance of the evidence that a violation of community supervision occurred. *Id.*

Appellant's exact complaint was previously rejected in *Broussard v. State*, 598 S.W.2d 873 (Tex. Crim. App. 1980). There, while on probation for burglary, the defendant was convicted of aggravated robbery and delivery of methamphetamine. One of the conditions of his probation was that he commit no other offense against the laws of this state. At the revocation hearing, the judge took notice of the evidence that he heard while presiding over appellant's trial on the new offenses and revoked his probation. 598 S.W.2d at 874. On appeal, the defendant argued the evidence was insufficient to support probation revocation.

–2–

In rejecting the complaint, the court explained it is "sufficient evidence, to support probation revocation, that the judge took notice of the evidence that was introduced at a probationer's trial before the same judge." *Id.* The court noted the appellate records of those trials were before it to review. *Id.* Additionally, the court noted appellant forfeited any complaint about the propriety of the judge taking judicial notice by failing to object below.

Likewise, in this case, the same judge presided over the probation revocation proceeding and the criminal solicitation trial. On this date, this Court issued its opinion in the criminal solicitation appeal, No. 05-14-00824-CR, concluding the evidence was legally and factually sufficient to support the rejection of appellant's affirmative defense of renunciation. Further, appellant has waived any complaint about the propriety of the court taking judicial notice by failing to object. We overrule the sole issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. R. 47.2(b)

140942F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN LEE GORDON, Appellant

No. 05-14-00942-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-82365-2012.
Opinion delivered by Justice Brown. Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of August, 2015.