# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-17-00033-CR

**Ex parte John Phillip Devine III**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NO. D-1-DC-15-302584, HONORABLE TAMARA NEEDLES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment in this appeal dated May 11, 2018, and substitute the following opinion and judgment.

John Phillip Devine III filed this interlocutory appeal challenging the district court's order denying a combination motion to quash his indictment and pretrial application for writ of habeas corpus. In the underlying prosecution, Appellant is charged with five felony offenses: three counts of sexual assault of a child, one count of indecency with a child by contact, and one count of indecency with a child by exposure. *See* Tex. Penal Code §§ 21.11(a)(1), (2), (d), 22.011(a)(2), (f).

In a single issue on appeal, Appellant contends that the district court should have quashed his indictment because counts two through five are subsumed within the offense alleged in count one, placing him at risk of multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Because we

conclude that Appellant's multiple-punishments claim is not cognizable on pretrial habeas, we will affirm the district court's order.

## DISCUSSION

**Appellant's pretrial habeas application contends that his indictment violates protection afforded by Double Jeopardy Clause against multiple punishments for same offense**

The Double Jeopardy Clause in the Fifth Amendment of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. Const. amend. V. The Double Jeopardy Clause protects against multiple prosecutions and multiple punishments for the same offense by prohibiting: (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). The Double Jeopardy provisions of the United States Constitution and the Texas Constitution provide substantially identical protections. *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997); *State v. Marshall*, 814 S.W.2d 789, 792 (Tex. App.—Dallas 1991, pet. ref'd) (concluding that Texas Constitution's prohibition against multiple punishments for same offense is no broader than guarantee under Double Jeopardy Clause of federal constitution). Here, Appellant's double-jeopardy claim does not allege that he is subject to multiple prosecutions for the same offense but rather, that his indictment as pleaded violates the protection against multiple punishments.

**Cognizability on pretrial habeas is threshold issue**

Appellant brings this habeas appeal asserting his double-jeopardy claim before being tried under the indictment that he attacks. The Texas Court of Criminal Appeals has stated that pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Accordingly, whether a claim is cognizable on pretrial habeas is a threshold issue for courts to address before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). The Court of Criminal Appeals has admonished appellate courts to be "careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d at 79 (internal citations omitted). Resolving the merits of a noncognizable claim in a pretrial habeas appeal is a misuse of the writ. *Id.*; *Ex parte Paxton*, 493 S.W.3d at 298.

**Certain factors determine whether issue is cognizable on pretrial habeas**

Courts consider a variety of factors in determining whether an issue is cognizable on pretrial habeas. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). These factors include:

(1)     whether resolution of a claim may be aided by development of a trial record, *Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006),

(2)     whether the habeas application raises a constitutional right that includes a right to avoid trial, *Ex parte Ingram*, 533 S.W.3d at 892, and

(3)     whether "protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review," *id*. at 891–92.

3

## (1) Resolution of Appellant's claim may be aided by development of record at trial

Pretrial habeas relief is generally unavailable "when the resolution of a claim may be aided by the development of a record at trial." *Id*. at 892; *see Ex parte Smith*, 185 S.W.3d at 893 (concluding that claim was not ripe for review and not cognizable in pretrial writ of habeas corpus because State had not had opportunity to develop complete factual record during trial). In the specific context of indecency and sexual assault cases, whether certain sexual acts charged against a defendant are separate offenses or whether they were incident to and subsumed by a sexual-assault charge is a determination that depends on the facts of the case. *Maldonado v. State*, 461 S.W.3d 144, 148–50 (Tex. Crim. App. 2015) (holding that offenses were not factually subsumed because there was evidence that separate and distinct indecency-by-contact offenses occurred at other times in addition to contact associated with penetration offenses); *accord United States v. Universal C.I.T. Credit Corp*., 344 U.S. 218, 224 (1952) ("Whether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an in[dictment] and may have to await the trial on the facts."). As the Court of Criminal Appeals has noted, "A person who commits more than one sexual act against the same person may be convicted and punished for each separate and discrete act, even if those acts were committed in close temporal proximity. The key is that one act ends before another act begins." *Aekins v. State*, 447 S.W.3d 270, 278 (Tex. Crim. App. 2014).

Here, the probable-cause affidavit in the record—which the district court took judicial notice of at the evidentiary hearing on Appellant's habeas application[1]—provides some indication of the facts of this case. The affidavit summarizes the victim's account of the sexual acts that Appellant allegedly performed on her and states her recollection that "it happened multiple times throughout the night." Whether these acts amount to a single offense or multiple offenses, i.e., whether one act ended before another act began, will depend on the evidence adduced at trial. Development of a record at trial may aid in the resolution of Appellant's claim; therefore, it is not yet ripe for appellate review. The fact that development of a record at trial may aid in the resolution of Appellant's claim indicates that his claim is not cognizable on pretrial habeas.

**(2) Appellant's habeas application raises no constitutional right that includes right to avoid trial**

The Court of Criminal Appeals has determined that pretrial habeas relief may be available when the habeas application raises a constitutional right that includes a right to avoid trial. *Ex parte Ingram*, 533 S.W.3d at 892. For example, a pretrial writ of habeas corpus is usually the proper procedural vehicle to raise a double-jeopardy claim alleging "successive prosecutions for the

---

[1] On appeal, defense counsel contends that although the district court took judicial notice of the probable-cause affidavit, it is not evidence. But he waived that objection when he affirmatively stated at the hearing on the habeas application that he had "no objection" to the court taking judicial notice of the probable-cause affidavit. *See Broussard v. State*, 598 S.W.2d 873, 874 (Tex. Crim. App. 1980) (concluding that defendant's failure to object to trial court's taking judicial notice of evidence from defendant's previous trial forfeited defendant's appellate complaint about propriety of such judicial notice); *Duke v. State*, No. 05-10-00577-CR, 2011 Tex. App. LEXIS 5230, at *5–6 (Tex. App.—Dallas July 12, 2011, no pet.) (not designated for publication) (concluding that defense counsel "waived any objection to the trial court taking judicial notice of the probable cause affidavit" by affirmatively stating that he had "no objection" to trial court taking judicial notice of entirety of files in two cases).

same offense." *Gonzalez v. State*, 8 S.W.3d 640, 643 n.9 (Tex. Crim. App. 2000) (citing *Ex parte Robinson*, 641 S.W.2d 552, 553–56 (Tex. Crim. App. 1982)). In such cases, requiring a defendant to go through trial before appealing the successive-prosecutions claim is inconsistent with the double-jeopardy guarantee against being consecutively tried for the same offense. *Id*. (citing *Ex parte Robinson*, 641 S.W.2d at 554).

However, a claim alleging violation of the constitutional prohibition against multiple punishments for the same offense—as Appellant alleges here—does not include the right to avoid trial because a multiple-punishments claim "can be fully vindicated on appeal following final judgment." *Ex parte Watkins*, 73 S.W.3d 264, 273 (Tex. Crim. App. 2002) ("To be sure, the Double Jeopardy Clause protects against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on appeal following final judgment[.]"); *Gonzalez*, 8 S.W.3d at 643 n.9; *Ex parte Robinson*, 641 S.W.2d at 554; *accord Abney v. United States*, 431 U.S. 651, 660 (1977). A multiple-punishments claim that can be fully vindicated on appeal does not entitle Appellant to avoid trial and is therefore not cognizable on pretrial habeas.

### (3) No showing that Appellant's rights or judicial resources better served by interlocutory review

Further, Appellant's claim is not cognizable on pretrial habeas because he has made no showing that "the protection of [his] substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Ingram*, 533 S.W.3d at 891–92. Appellant has not shown why interlocutory review of his multiple-punishment claim is appropriate when punishment has not yet been imposed on him by the trial court. *See United States v. Martinez*, 599 F. Supp. 2d 784, 794 (W.D. Tex. 2009) (noting that danger of multiple punishments for single

offense "is only inchoate at the time of charging and does not become full-fledged until after sentencing on purportedly multiplicitous counts"); *see also Hopkins v. State*, No. 05-07-01697-CR, 2009 Tex. App. LEXIS 3133, at *6 (Tex. App.—Dallas May 7, 2009, pet. ref'd) (not designated for publication) (citing *United States v. Koonce*, 885 F.2d 720, 722 (10th Cir. 1989) ("Unless and until defendant receives some punishment from the district court that is arguably multiple, the issue is not ripe for review.")). In the absence of any showing that protection of Appellant's substantive rights or the conservation of judicial resources would be better served by interlocutory review, Appellant's claim is not cognizable on pretrial habeas.

**CONCLUSION**

We conclude that Appellant failed to show that his multiple-punishments claim is cognizable on a pretrial writ of habeas corpus.[2] *See Ex parte Ellis*, 309 S.W.3d at 79; *Ex parte Watkins*, 73 S.W.3d at 273; *Gonzalez*, 8 S.W.3d at 643 n.9; *Ex parte Robinson*, 641 S.W.2d at 554. Accordingly, we cannot conclude that the district court erred by denying Appellant's requested relief. We affirm the district court's order.[3]

---

[2] In the absence of this showing, we do not reach the merits of Appellant's claim. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd).

[3] As Appellant's counsel has acknowledged, "the issues(s) raised by the Appellant in this case are identical to the issues raised in *Ex parte Chapa*, cause no. 03-18-00104-CR." For the reasons set forth in that opinion denying rehearing, we likewise deny rehearing here. *See Ex parte Chapa*, No. 03-18-00104-CR, 2018 Tex. App. LEXIS 6635, at *31–33 (Tex. App.—Austin Aug. 22, 2018, no pet. h.) (affirming trial court's order denying habeas relief after concluding that defendant's multiple-punishments double-jeopardy claim is not cognizable on pretrial habeas).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed on Motion for Rehearing

Filed:   September 25, 2018

Do Not Publish